1  Diana M. Torres (S.B.N. 162284)
2  diana.torres@kirkland.com
   Sharre Lotfollahi (S.B.N. 258913)
3  sharre.lotfollahi@kirkland.com
   KIRKLAND & ELLIS LLP
4  333 South Hope Street
   Los Angeles, California 90071
5  Telephone: (213) 680-8400
   Facsimile: (213) 680-8500

6  Attorneys for Defendant
7  FGF BRANDS, INC.

FILED
CLERK, U.S. DISTRICT COURT

JUL - 5 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10                 **WESTERN DIVISION**

11

12 STONEFIRE GRILL, INC.,          ) CASE NO. CV 11-8292-CAS (PJWx)
     a California corporation,        )
13                                    ) **ANSWER TO PLAINTIFF'S**
                                      ) **COMPLAINT FOR DAMAGES**
14          Plaintiff,                ) **AND OTHER RELIEF;**
                                      ) **COUNTERCLAIMS FOR**
15     vs.                            ) **DECLARATORY JUDGMENT**
                                      ) **OF NO TRADEMARK**
16 FGF BRANDS, INC., a Canadian      ) **INFRINGEMENT AND**
   corporation, doing business as    ) **CANCELLATION OF**
17 STONEFIRE AUTHENTIC              ) **COUNTERCLAIM**
   FLATBREADS,                       ) **DEFENDANT'S FEDERAL**
18                                    ) **TRADEMARK REGISTRATIONS**
          Defendant.                  )
19                                    ) **JURY TRIAL DEMANDED**
                                      )
20  _____

21          Defendant FGF Brands, Inc. ("FGF Brands") hereby answers the Complaint of

22 Plaintiff Stonefire Grill, Inc. ("Stonefire") as follows:

23                 **JURISDICTION & VENUE**

24          1.    This action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* and

25 California common and statutory law. This Court has jurisdiction over the subject

26 matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338. This Court has

27 supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

28

COPY

**ANSWER**:  Paragraph 1 of the Complaint states legal conclusions to which no response is necessary.  To the extent that any response is required, FGF Brands denies the allegations therein.

2.      This Court has personal jurisdiction over Defendant because, on information and belief, Defendant conducts or has conducted business, as well as advertises its products, in the State of California and within this judicial district, and Defendant has caused damages in this judicial district by means of its wrongful conduct.

**ANSWER:**  Paragraph 2 of the Complaint states legal conclusions to which no response is necessary.  To the extent that any response is required, FGF Brands denies the allegations therein.  FGF Brands further specifically denies that the effects of any actions by FGF Brands have caused damage to the Plaintiff or that it has violated any right owned by Plaintiff in this District or elsewhere.

3.      Venue is proper in the Central District of California under 28 USC § 1391(b) because *inter alia* Defendant resides in, does business in and/or may be found in this judicial district and/or because a substantial part of the events or omissions giving rise to this action occurred in this judicial district and/or because a substantial part of the property that is the subject of this action is situated in this judicial district.

**ANSWER:**  Paragraph 3 of the Complaint states legal conclusions to which no response is necessary.  To the extent that any response is required, FGF Brands denies the allegations therein.

## THE PARTIES

4.      Plaintiff Stonefire Grill, Inc. is a California corporation with a principal place of business located in this judicial district in Westlake Village, California.

**ANSWER:**  FGF Brands admits that Plaintiff purports to be a California corporation with its principal place of business in Westlake Village, California.  Except as expressly admitted, FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 4 of the Complaint, and on

2

1   that basis denies each and every one of the allegations set forth therein.

2   　　　5.　　Plaintiff is informed and believes that Defendant FNF[*sic*] BRANDS,

3   INC. is a Canadian corporation doing business as STONEFIRE AUTHENTIC

4   FLATBREADS (hereafter "Defendant"). Defendant's corporate headquarters are in

5   Ontario, Canada. Defendant does business in California and in this judicial district.

6   　　　**ANSWER:**  Assuming Plaintiff intended to type to "FGF Brands" rather than

7   "FNF Brands," FGF Brands admits that it is a Canadian corporation and sells

8   Stonefire Authentic Flatbreads. Except as expressly admitted, FGF Brands denies the

9   remaining allegations set forth in Paragraph 5 of the Complaint.

10   　　　　　　　　　　　　**NATURE OF THE ACTION**

11   　　　6.　　This action arises from Defendant's unauthorized use of Plaintiff's

12   Federal and California STONEFIRE word marks and stylized logos ("Marks"). By

13   using a trademark that is virtually identical to Plaintiff's well-known Marks,

14   Defendant has caused and is likely to continue to cause confusion that Plaintiff is the

15   source or sponsor of the products Defendant sells, or that there is an association

16   between Plaintiff and Defendant. Consequently, Plaintiff seeks injunctive relief,

17   damages and other relief under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.,* common

18   law and California statutory law.

19   　　　**ANSWER:**  FGF Brands admits that Plaintiff purports to bring causes of action

20   under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.,* common law, and California

21   statutory law, but denies that any of Plaintiff's claims are valid or that Plaintiff is

22   entitled to any monetary or injunctive relief. Except as expressly admitted, FGF

23   Brands denies the allegations of Paragraph 6 and specifically denies that Plaintiff's

24   marks are valid or enforceable or that they are infringed by FGF Brands.

25   　　　　　　　　　　　　**FACTUAL BACKGROUND**

26   　　　　　　　**Stonefire Grill's Business and Trademarks**

27   　　　7.　　Plaintiff is a chain of unique, fast-casual restaurants. With an emphasis

28   on using the finest ingredients, Plaintiff offers freshly prepared meals to tens of

3

1  thousands of patrons per month from around the United States at reasonable prices.

2  Since its opening in 2002, Plaintiff has garnered both local and national praise.

3      **ANSWER:** FGF Brands admits that Plaintiff appears to be a small chain of

4  restaurants and is located in Southern California. Except as expressly admitted, FGF

5  Brands lacks knowledge or information sufficient to form a belief as to the allegations

6  set forth in Paragraph 7 of the Complaint, and on that basis denies each and every one

7  of the allegations set forth therein.

8      8.    Plaintiff has registered with the USPTO and is the owner of the Marks,

9  specifically "STONEFIRE GRILL", USPTO Reg. Nos. 2,880,327 and 3,716,351 and

10  "STONEFIRE GRILL A FRESH APPROACH TO FAMILY DINING!", USPTO

11  Reg. No. 3,716,355. These registrations are valid and subsisting, and U.S. Reg. No.

12  2,880,327 is incontestable. True and correct copies of these federal trademark

13  registrations are attached hereto as Exhibit A.

14      **ANSWER:** FGF Brands admits that Exhibit A to the Complaint contains what

15  on its face appears to be a printout from the USPTO's website for Reg. No. 2,880,327,

16  listing Stonefire Grill, Inc. as the last listed owner of the word mark STONEFIRE

17  GRILL. FGF Brands also admits that Exhibit A to the Complaint contains what on its

18  face appears to be a printout from the USPTO's website for Reg. No. 3,716,351,

19  listing Stonefire Grill, Inc. as the owner of the word mark STONEFIRE GRILL. FGF

20  Brands also admits that Exhibit A to the Complaint contains what on its face appears

21  to be a printout from the USPTO's website for Reg. No. 3,716,355, listing Stonefire

22  Grill, Inc. as the owner of the word mark STONEFIRE GRILL A FRESH

23  APPROACH TO FAMILY DINING! Except as expressly admitted, FGF Brands

24  denies the allegations set forth in Paragraph 8 of the Complaint and expressly denies

25  that Plaintiff's alleged trademark registrations are valid.

26      9.    Plaintiff has also recorded and is the registered owner of the Marks in the

27  State of California, specifically "STONEFIRE GRILL", Cal. Reg. Nos. 64925 and

28  65097 and "STONEFIRE GRILL A FRESH APPROACH TO FAMILY DINING!",

Cal. Reg. No. 65100.  These registrations are valid and subsisting.  True and correct copies of these California registrations are attached hereto as Exhibit B.

**ANSWER:**  FGF Brands admits that Exhibit B to the Complaint contains what on its face appears to be true and correct copies of Cal. Reg. Nos. 64925 and 65097, listing Stonefire Grill, Inc. as the registrant for service mark STONEFIRE GRILL. FGF Brands also admits that Exhibit B to the Complaint contains what on its face appears to be a true and correct copy of Cal. Reg. No. 65100, listing Stonefire Grill, Inc. as the registrant for service mark STONEFIRE GRILL A FRESH APPROACH TO FAMILY DINING!  Except as expressly admitted, FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 9 of the Complaint, and on that basis denies each and every one of the allegations set forth therein.

10.    Throughout its promotional materials and in connection with its business operations, Plaintiff often refers to itself and its products and services as simply "Stonefire."  By way of example, on its menu, Plaintiff, in large print, promotes its catering as "STONEFIRE'S CATERING."  Further, the menu states that "At STONEFIRE, we use simple, fresh ingredients daily to prepare exceptionally delicious meals at reasonable prices just like families across America."  Similarly, consumers frequently refer to Plaintiff's restaurant and related products and services as just "Stonefire."

**ANSWER:**  FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 of the Complaint, and on that basis denies each and every one of the allegations set forth therein.

11.    In addition to welcoming consumers to dine at its restaurants, Plaintiff also offers meals and food items under the Marks to the public through pickup, delivery, and catering.

**ANSWER:**  FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 11 of the Complaint, and on that basis denies each and every one of the allegations set forth therein.

12.     In light of the popularity of its restaurants, Plaintiff has been opening new locations under the name and mark STONEFIRE GRILL at a rapid clip.  Plaintiff has established a pattern of expansion where it targets consumers seeking healthy food made only from the finest ingredients.

**ANSWER:**  FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 12 of the Complaint, and on that basis denies each and every one of the allegations set forth therein.

13.     Bread is a prominent feature on the menu at Plaintiff's restaurants. Indeed, Plaintiff is well known for its breads made from sustainable, high quality ingredients.  Plaintiff offers a variety of types of bread, including but not limited to French rolls, breadsticks, and tortillas.

**ANSWER:**  FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 13 of the Complaint, and on that basis denies each and every one of the allegations set forth therein.

14.     Plaintiff has continuously and substantially used the Marks in interstate commerce for almost a decade, with great success.  Through its extensive use and promotion, Plaintiff also owns common law trademark rights in the Marks.

**ANSWER:**  FGF Brands denies that Plaintiff has used its Marks in interstate commerce given that Plaintiff's small STONEFIRE GRILL chain of restaurants is limited to Southern California.  To the extent Paragraph 14 calls for a legal conclusion regarding Plaintiff's common law rights, if any, no response is necessary.  For the remaining allegations set forth in Paragraph 14 of the Complaint, FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations and on that basis denies each and every one of the allegations set forth therein.

15.     The Marks, having been registered with the USPTO and the State of California, provide constructive notice of Plaintiff's claim of exclusive ownership thereof.  Registration of the Marks also constitutes *prima facie* evidence of their validity and Plaintiff's exclusive right to use and license said Marks in commerce, as

6

provided by Sections 7 and 22 of the Lanham Act, 15 U.S.C. §§1057 and 1072.

**ANSWER:** Paragraph 15 of the Complaint states legal conclusions to which no response is necessary. To the extent that any response is required, FGF Brands denies the allegations therein.

16.     Plaintiff has devoted substantial time, effort and resources to the development and promotion of the Marks. As a result of these promotional efforts, the purchasing public has come to know, rely upon, and recognize the business and services of Plaintiff by the Marks.

**ANSWER:** FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 16 of the Complaint and on that basis denies each and every one of the allegations set forth therein.

17.     By virtue of Plaintiff's marketing efforts and expenditures, and as a result of the excellence of its goods and services, Plaintiff's Marks have achieved a valuable reputation and a high degree of good will.

**ANSWER:** FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 17 of the Complaint and on that basis denies each and every one of the allegations set forth therein.

18.     Since its inception, Plaintiff has invested considerable time and money establishing exclusive rights in the Marks. Partially by virtue of these efforts, the Marks are well known by the relevant consumers in the marketplace as originating from Plaintiff.

**ANSWER:** FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 18 of the Complaint and on that basis denies each and every one of the allegations set forth therein.

### Defendant's Business and Infringement

19.     Plaintiff recently learned that Defendant is selling bread in connection with the mark STONEFIRE ("Infringing Mark"), which infringes Plaintiff's Marks.

**ANSWER:** FGF Brands admits that it sells certain types of ethnic flatbread

7

under the name "Stonefire Authentic Flatbreads." Except as expressly admitted, FGF
Brands denies the allegations of Paragraph 19 and specifically denies that its products
infringe any of Plaintiff's Marks.

20.     Defendant's Infringing Mark is virtually identical to Plaintiff's Marks in
sight, sound and meaning.

**ANSWER:** FGF Brands denies the allegations of Paragraph 20.

21.     Plaintiff and Defendant sell their closely related products and service in
close proximity to one another. Plaintiff is informed and believes, and on that basis
alleges, that Defendant offers bread under the Infringing Mark through retail outlets
near where Plaintiff offers its restaurant and catering services in California.

**ANSWER:** FGF Brands admits that it sells its products in multiple grocery
stores and retail outlets across the country. Except as expressly admitted, FGF Brands
denies the allegations of Paragraph 21.

22.     The parties' respective products and services are complementary and
closely related, and are within the zone of natural expansion of one another. It is a
common practice for popular restaurants to offer a variety of food products in retail
and wholesale settings. To illustrate, well-known examples of such restaurants with
food offerings at retail stores include Wolfgang Puck®, The Cheesecake Factory®,
Marie Callender's®, and T.G.I. Friday's®, to name just a few. Because the
consuming public is accustomed to seeing food products in retail stores that are
offered or sponsored by, or affiliated with, popular restaurants, consumers will
mistakenly assume that Defendant's bread is somehow connected to Plaintiff,
especially because of Defendant's use of the Infringing Mark.

**ANSWER:** FGF Brands denies the allegations of Paragraph 22.

23.     Plaintiff and Defendant will undoubtedly market their products and
services through the very same channels of trade. Plaintiff is informed and believes,
and on that basis alleges, that Defendant markets and promotes its confusingly similar
products on the Internet. Defendant also markets and promotes its products on

8

Facebook®. Because of the nature of searching the Internet through using a search engine query, the virtual identity of the Marks and the Infringing Mark makes it very likely that consumers searching for Plaintiff's products or services on the Internet will be misdirected to Defendant's products, or, due to the results of the search engine query, will mistakenly believe that Defendant's bread is sponsored by or affiliated or associated with the source of Plaintiff's products.

**ANSWER:** FGF Brands denies the allegations of Paragraph 23.

## Further Allegations

24. Defendant has used the Infringing Mark for bread, despite Plaintiff's established common law rights and federal and California registrations of its Marks, without permission or authority from Plaintiff.

**ANSWER:** FGF Brands denies the allegations of Paragraph 24.

25. Plaintiff is informed and believes, and on that basis alleges, that Defendant is selling bread under the Infringing Mark with full knowledge of Plaintiff's Marks, and with the intention that consumers would be confused into believing that Defendant's bread was and is sponsored, associated, or affiliated in some way, with Plaintiff.

**ANSWER:** FGF Brands denies the allegations of Paragraph 25.

26. Plaintiff has no control over the nature and quality of Defendant's bread. Any failure, neglect, default or other negative association arising due to Defendant's promotion and sales of its bread products will reflect negatively on Plaintiff's reputation and goodwill. Further, because of the fame of Plaintiff's restaurant services and food offerings, it will be natural for Defendant's customers and potential customers to mistakenly assume that Defendant's bread is sold with Plaintiff's authorization, sponsorship, or consent.

**ANSWER:** FGF Brands admits that Plaintiff has no control over the nature and quality of FGF Brand's products. Except as expressly admitted, FGF Brands denies the allegations of Paragraph 26.

27.     Because Plaintiff's and Defendant's goods are complementary and closely related, consumers will mistakenly assume that said goods and their sources are associated or affiliated.  Such a result significantly undermines Plaintiff's substantial efforts to establish its identity in the highly competitive consumables field.

**ANSWER:**  FGF Brands denies the allegations of Paragraph 27.

28.     By virtue of the acts complained of herein, Defendant has created a likelihood of injury to Plaintiff's business reputation, caused a strong likelihood of consumer confusion as to the source of origin or relationship of Plaintiff and Defendant's goods and services, and has otherwise competed unfairly with Plaintiff.

**ANSWER:**  FGF Brands denies the allegations of Paragraph 28.

29.     Plaintiff is informed and believes, and on that basis alleges, that Defendant's acts complained of herein are willful and deliberate.

**ANSWER:**  FGF Brands denies the allegations of Paragraph 29.

30.     After Plaintiff had already registered the Marks, Defendant registered the word mark STONEFIRE for "Flat bread", U.S. Trademark Registration No. 4,020,583.  As alleged and prayed for herein, Plaintiff contends and seeks a judicial determination that this registration is null, void and invalid, as well as an Order compelling the Commissioner of Trademarks of the United States to cancel federal trademark registration No. 4,020,583.

**ANSWER:**  FGF Brands admits that it has registered the word mark STONEFIRE for "Flat bread" at U.S. Trademark Registration No. 4,020,583.  The remaining allegations of Paragraph 30 are statements of intent to which no response is necessary.  To the extent that any response is required, the allegations of Paragraph 30 are denied except as expressly admitted.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement, 15 U.S.C. § 1114)

31.     Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 30 above as though fully set forth at this place.

10

**ANSWER:** FGF Brands hereby repeats, realleges, and incorporates by reference each and every response to Paragraphs 1-30 of the Complaint, inclusive, as if fully set forth herein.

32.     Defendant's actions as described above and Defendant's use of the Infringing Mark to promote and sell bread constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

**ANSWER:** Paragraph 32 of the Complaint states a legal conclusion to which no response is necessary. To the extent that a response is required, the allegations of Paragraph 32 are denied.

33.     Defendant's use of the Infringing Mark in interstate commerce, a mark so similar to Plaintiff's Marks, has caused and continues to cause irreparable injury to the value and goodwill of Plaintiff's Marks, as well as to Plaintiff's business, goodwill, and reputation. Defendant's actions, if not enjoined, will continue. Plaintiff has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

**ANSWER:** Paragraph 33 of the Complaint states a legal conclusion to which no response is necessary. To the extent that a response is required, the allegations of Paragraph 33 are denied.

34.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered actual damages in an amount according to proof at trial. In addition, Defendant has improperly profited by means of engaging in the aforementioned wrongdoing. In addition to the other remedies prayed for herein, Plaintiff seeks an accounting of Defendant's profits in this regard. Plaintiff seeks an award of its actual damages and an award of Defendant's profits, pursuant to 15 U.S.C. § 1117(a). Plaintiff is informed and believes and thereon alleges that Defendant's infringement was intentional, within the meaning of 15 U.S.C. § 1117(b). The intentional nature of Defendant's acts makes this an exceptional case under 15 U.S.C. § 1117(a).

**ANSWER:** Paragraph 34 of the Complaint states a legal conclusion to which no response is necessary. To the extent that a response is required, the allegations of Paragraph 34 are denied.

35.     Plaintiff has been, is now, and will continue to be irreparably harmed by Defendant's aforementioned acts of infringement, and unless enjoined or otherwise restrained by the Court, Defendant will continue to infringe upon the Marks.

**ANSWER:** Paragraph 35 of the Complaint states a legal conclusion to which no response is necessary. To the extent that a response is required, the allegations of Paragraph 35 are denied.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin & Unfair Competition
### Under Federal Law, 15 U.S.C. § 1125)

36.     Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 35 above as though fully set forth at this place.

**ANSWER:** FGF Brands hereby repeats, realleges, and incorporates by reference each and every response to Paragraphs 1-35 of the Complaint, inclusive, as if fully set forth herein.

37.     Consumers have come to identify the popular and distinctive Plaintiff's Marks exclusively as the single source of restaurant and related products and services bearing such Marks.

**ANSWER:** Paragraph 37 of the Complaint states a legal conclusion to which no response is necessary. To the extent that a response is required, the allegations of Paragraph 37 are denied.

38.     Defendant's interstate use of the Infringing Mark for bread is a false designation of origin, or a false representation, that wrongfully and falsely designates Defendant's goods as originating from, or being connected with, Plaintiff, and constitutes the use of false descriptions or representations in interstate commerce. Defendant's use is likely to deceive consumers into believing that Defendant's goods

12

are those of, or associated with, Plaintiff, and as a consequence, Defendant's use is likely to divert, and has diverted, consumers away from Plaintiff's goods and services.

**ANSWER:**  Paragraph 38 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 38 are denied.

39.    This constitutes false designation of origin, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of goods or commercial activities offered and sold by Plaintiff and Defendants.

**ANSWER:**  Paragraph 39 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 39 are denied.

40.    Plaintiff is informed and believes that Defendant, by acting as alleged hereinabove, also engaged in acts of unfair competition.  The governing standard for common law unfair competition is the same as that under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); the likelihood of confusion as to the source or sponsorship of the marks or symbols being used without authorization.

**ANSWER:**  Paragraph 40 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 40 are denied.

41.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered actual damages in an amount according to proof at trial.  In addition, Defendant has improperly profited by means of engaging in the aforementioned wrongdoing.  In addition to the other remedies prayed for herein, Plaintiff seeks an accounting of Defendant's profits in this regard.  Plaintiff seeks an award of its actual damages and an award of Defendant's profits, pursuant to 15 U.S.C. § 1117(a).  Plaintiff is informed and believes and thereon alleges that Defendant's false designation of origin was intentional, within the meaning of 15

U.S.C. § 1117(b).  The intentional nature of Defendant's acts makes this an exceptional case under 15 U.S.C. § 1117(a).

**ANSWER:**  Paragraph 41 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 41 are denied.

42.     Plaintiff has been, is now, and will continue to be irreparably harmed by Defendant's aforementioned acts of false designation of origin and unfair competition, and unless enjoined or otherwise restrained by the Court, Defendant will continue to engage in such acts.

**ANSWER:**  Paragraph 42 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 42 are denied.

### THIRD CLAIM FOR RELIEF
### (Infringement Under California Law, Cal. Bus. & Prof. Code § 14245)

43.     Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 42 above as though fully set forth at this place.

**ANSWER:**  FGF Brands hereby repeats, realleges, and incorporates by reference each and every response to Paragraphs 1-42 of the Complaint, inclusive, as if fully set forth herein.

44.     Defendant's unauthorized use of the Infringing Mark and trade name in connection with the sale, offering for sale, distribution or advertising of its products and services is likely to cause confusion or mistake or to deceive as to the source or origin of its good and/or services in violation of California Business and Professional Code § 14245.

**ANSWER:**  Paragraph 44 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 44 are denied.

45.     Upon information and belief Defendant's infringement has been with

14

knowledge of Plaintiff's rights.

**ANSWER:** Paragraph 45 of the Complaint states a legal conclusion to which no response is necessary. To the extent that a response is required, the allegations of Paragraph 45 are denied.

46. Plaintiff has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts and, unless enjoined by the Court, Plaintiff will suffer further harm to its name, reputation and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

**ANSWER:** Paragraph 46 of the Complaint states a legal conclusion to which no response is necessary. To the extent that a response is required, the allegations of Paragraph 46 are denied.

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition, Cal. Bus. & Prof. Code § 17200)

47. Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 45 above as though fully set forth at this place.

**ANSWER:** FGF Brands hereby repeats, realleges, and incorporates by reference each and every response to Paragraphs 1-45 of the Complaint, inclusive, as if fully set forth herein.

48. Plaintiff is informed and believes that Defendant, by acting as alleged hereinabove, engaged in acts of unfair competition within the meaning of California *Business & Professions Code* § 17200 and its judicial interpretations. Unfair competition is defined to include unlawful, unfair and/or fraudulent business practices. Defendant engaged in "unlawful" business practices, because Defendant engaged in conduct which violates 15 U.S.C. §1114, 15 U.S.C. §1125(a) and California *Business and Professions Code* § 14245. Defendant engaged in "unfair" business practices, because the utility of Defendant's conduct is outweighed by the gravity of the harm to victims of that conduct. Defendant engaged in "fraudulent" business practices, because members of the public are likely to be deceived by Defendant's conduct.

15

**ANSWER:** Paragraph 48 of the Complaint states a legal conclusion to which no response is necessary. To the extent that a response is required, the allegations of Paragraph 48 are denied.

49. As alleged hereinabove, Plaintiff suffered injury in fact and lost money and property as a result of the Defendant's wrongdoing.

**ANSWER:** Paragraph 49 of the Complaint states a legal conclusion to which no response is necessary. To the extent that a response is required, the allegations of Paragraph 49 are denied.

50. Plaintiff is informed and believes that Defendant's aforementioned acts of unfair competition are ongoing and present a continuing harm to Plaintiff and members of the general public. In this regard, Plaintiff alleges that until and unless enjoined and/or otherwise restrained by the Court, Defendant will continue to engage in acts of unfair competition, all to the harm and detriment of Plaintiff and other members of the general public.

**ANSWER:** Paragraph 50 of the Complaint states a legal conclusion to which no response is necessary. To the extent that a response is required, the allegations of Paragraph 50 are denied.

51. Pursuant to *Business & Professions Code* § 17203, Plaintiff seeks preliminary and permanent injunctive relief, preventing Defendant from continuing to engage in acts of unfair competition.

**ANSWER:** Paragraph 51 of the Complaint states a legal conclusion to which no response is necessary. To the extent that a response is required, the allegations of Paragraph 51 are denied.

52. Plaintiff is informed and believes that Defendant has profited by means of its wrongful conduct. This profit amounts to "ill-gotten gain." Pursuant to *Business and Professions Code* § 17203 and its judicial interpretations, Plaintiff seeks injunctive and other relief preventing Defendant from profiting from its wrongful conduct. In this regard, in conjunction with the injunctive relief sought herein,

16

Plaintiff seeks full restitution of monies, as necessary and according to proof, to restore to Plaintiff any and all monies that may have acquired by Defendant by means of the wrongful conduct complained of herein.

**ANSWER:** Paragraph 52 of the Complaint states a legal conclusion to which no response is necessary. To the extent that a response is required, the allegations of Paragraph 52 are denied.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth in these affirmative defenses, FGF Brands does not admit that it has the burden of proof and/or persuasion with respect to any of these matters. FGF Brands reserves the right to assert additional affirmative defenses as they become known through discovery and course of the litigation.

### First Affirmative Defense

### (For Failure to State a Claim)

53.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

### (For Lack of Injury)

54.     Plaintiff's claims and the relief sought are barred, in whole or in part, because Plaintiff has not sustained any damages and has suffered no harm caused by FGF Brands.

### Third Affirmative Defense

### (For Failure to Mitigate)

55.     Plaintiff has failed to take reasonable action to mitigate any loss, injury, or damage allegedly suffered, and any recovery must be barred or diminished by reason thereof.

### Fourth Affirmative Defense

### (Waiver)

56.     Plaintiff's claims are barred, in whole or in part, by the doctrine of

17

waiver.  Plaintiff has neglected and failed to enforce its STONEFIRE marks against multiple third-party uses relating to the same or similar goods or services and has therefore waived its right to enforce them against FGF Brands.  FGF Brands justifiably relied on Plaintiff's failure to enforce the STONEFIRE marks when FGF Brands adopted the STONEFIRE mark.

### Fifth Affirmative Defense
### (Estoppel)

57.   Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.  Plaintiff is equitably estopped from asserting the validity or enforceability of its STONEFIRE marks as a result of, *inter alia,* Plaintiff's neglect and failure to enforce such marks against multiple third-party uses relating to the same or similar goods or services.  FGF Brands justifiably relied on Plaintiff's failure to enforce the STONEFIRE marks when FGF Brands adopted the STONEFIRE mark.

### Sixth Affirmative Defense
### (Acquiescence and Abandonment)

58.   Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence and abandonment.  Plaintiff has acquiesced in and neglected and failed to enforce its STONEFIRE marks against multiple third-party uses relating to the same or similar goods or services.  Such acquiescence, neglect, and failure to enforce by Plaintiff have occurred over many years with Plaintiff's full knowledge of such use.  Such prolonged acquiescence, neglect, and failure to enforce have undermined any strength and distinctiveness of Plaintiff's STONEFIRE marks in the mind of the public.  As a result, Plaintiff's STONEFIRE mark is not famous, distinctive or enforceable, and there is no likelihood of confusion, deception, or mistake that goods or services sold in connection with FGF Brands distinctively different mark have the same source of sponsorship or association with goods or services sold in connection with Plaintiff's STONEFIRE marks.

18

## Seventh Affirmative Defense

### (Trademark Misuse)

59.    Plaintiff's claims, in whole or in part, are barred by the doctrine of trademark misuse.

## Eighth Affirmative Defense

### (Unclean Hands)

60.    Plaintiff's claims, in whole or in part, are barred by the doctrine of unclean hands.

## Ninth Affirmative Defense

### (Fair Use)

61.    Plaintiff's claims, in whole or in part, are barred by the doctrine of fair use.

## Tenth Affirmative Defense

### (Failure to Use in Interstate Commerce)

62.    Plaintiff's federal trademark registrations are void *ab initio* because at the time of procurement the marks had not been used in interstate commerce.

## Eleventh Affirmative Defense

### (Laches)

63.    Plaintiff's claims, in whole or in part, are barred by the doctrine of laches.

## Twelfth Affirmative Defense

### (Lack of Personal Jurisdiction)

64.    FGF Brands alleges that the Court lacks personal jurisdiction over it, and it hereby expressly reserves its right under Federal Rule of Civil Procedure 12(b)(2).

## Thirteenth Affirmative Defense

### (Lack of Subject Matter Jurisdiction)

65.    FGF Brands alleges that the Court lacks subject matter jurisdiction over Plaintiff's claims, and it hereby expressly reserves its right under Federal Rule of Civil

19

Procedure 12(b)(2).

### **Fourteenth Affirmative Defense**

### **(Improper Venue)**

66.     FGF Brands alleges that the Court is not the proper venue for Plaintiff's claims, and it hereby expressly reserves its right under Federal Rule of Civil Procedure 12(b)(2).

### **COUNTERCLAIMS**

Defendant and Counterclaim Plaintiff FGF Brands, Inc. ("FGF Brands"), by and through its undersigned counsel, hereby asserts the following counterclaims against Plaintiff and Counterclaim Defendant Stonefire Grill, Inc. ("Stonefire").

### **THE PARTIES**

1.     Counterclaim Plaintiff FGF Brands, Inc. is a Canadian corporation with its principal place of business in Toronto, Ontario, Canada.

2.     Upon information and belief, Counterclaim Defendant Stonefire Grill, Inc. is a California corporation with its principal place of business in Westlake Village, California.

### **JURISDICTION AND VENUE**

3.     This Court has subject matter jurisdiction over FGF Brands' counterclaims pursuant to 28 U.S.C. §§ 1331 & 1338 and Section 37 of the Lanham Act, 15 U.S.C. § 1119.

4.     Counterclaim Defendant is subject to personal jurisdiction in this judicial district because it is a California corporation with its principal place of business in this judicial district.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391.

### **FACTUAL BACKGROUND**

6.     FGF Brands is a family-owned business, founded in 2004 to provide high quality, authentic food products at affordable prices.  FGF Brands makes and sells flatbreads—Naan, Pita, Roti, and, most recently, pizza crust—using its STONEFIRE

mark.  These breads are available in approximately twenty-two thousand grocery stores and large retail outlets across the United States and Canada.

7.     FGF Brands' Stonefire Authentic Flatbreads have gained international recognition.  Indeed, on information and belief, FGF Brands' Stonefire Authentic Flatbreads was the first food brand ever to be featured on the popular cooking show *Hell's Kitchen*.  *Every Day with Rachael Ray* magazine named Stonefire garlic naan the number one flatbread of over 400 products tested.  Similarly, the Stonefire Tandoori naan was featured in the *San Francisco Chronicle* and inducted into the publication's Hall of Fame.  Stonefire whole wheat naan was also recently featured on the *Dr. Oz* show.  And FGF Brands won the 2011 Whole Foods Market Supplier Award for Excellence in Product Quality.

8.     FGF Brands owns the trademark STONEFIRE, registered with the United States Patent & Trademark Office, identified as Registration No. 4020583.

9.     On information and belief, Counterclaim Defendant operates a chain of seven casual restaurants in Southern California, each of which is named "Stonefire Grill."

10.    On information and belief, no Stonefire Grill restaurant, operated by Counterclaim Defendant, has ever been located outside of Southern California.

11.    On information and belief, Counterclaim Defendant owns the trademark STONEFIRE GRILL, registered with the United States Patent & Trademark Office under Registration Nos. 2,880,327 and 3,716,351, and the trademark STONEFIRE GRILL A FRESH APPROACH TO FAMILY DINING!, registered with the United States Patent & Trademark Office under Registration No. 3,716,355.

12.    According to its trademark registrations, Counterclaim Defendant uses its marks for restaurant services.

13.    On information and belief, in connection with its applications for the STONEFIRE GRILL and STONEFIRE GRILL A FRESH APPROACH TO FAMILY DINING! marks, Counterclaim Defendant attested to the United States Patent &

Trademark Office that these marks were used in interstate commerce since 2002 and 2006, respectively.  In reliance on these attestations, the United States Patent & Trademark Office granted Counterclaim Defendant's trademark applications.

## COUNTERCLAIMS

## COUNT I

### Declaratory Judgment of No Trademark Infringement

14.   FGF Brands repeats, realleges, and incorporates by reference each and every allegation in Paragraphs 1 through 13 of these Counterclaims as if fully set forth herein.

15.   Counterclaim Defendant has accused FGF Brands of infringing Counterclaim Defendant's alleged trademark rights in the STONEFIRE GRILL and STONEFIRE GRILL A FRESH APPROACH TO FAMILY DINING! marks and of committing acts of unfair competition under federal and state law based on FGF Brands' use of its own registered STONEFIRE mark.

16.   Counterclaim Defendant's use of its marks has always consisted of the word "STONEFIRE" used in connection with "GRILL" and/or "GRILL A FRESH APPROACH TO FAMILY DINING!"  Indeed, there are numerous third-parties using the single word "STONEFIRE."

17.   As such, Counterclaim Defendant has consistently communicated to the purchasing public that its restaurant services are identified by the marks STONEFIRE GRILL or STONEFIRE GRILL A FRESH APPROACH TO FAMILY DINING! not STONEFIRE, standing alone.

18.   FGF Brands flat bread products sold under its STONEFIRE mark are offered at retail outlets across the United States.

19.   On information and belief, Counterclaim Defendant, on the other hand, offers restaurant services only in the state of California and does not engage in interstate commerce.  And, on information and belief, Counterclaim Defendant does not actually sell bread products, apart from the unremarkable fact that bread is part of

22

1  certain meals.

2      20.   In view of the foregoing, FGF Brands' use of its own STONEFIRE mark

3  is not confusingly similar to Counterclaim Defendant's use of STONEFIRE GRILL or

4  STONEFIRE GRILL A FRESH APPROACH TO FAMILY DINING! to describe

5  Counterclaim Defendant's restaurant services.

6      21.   FGF Brands will be harmed by the continued assertion by Counterclaim

7  Defendant that use by FGF Brands of its own registered mark infringes any trademark

8  right owned by Counterclaim Defendant.

9      22.   FGF Brands has no adequate remedy at law.

10      23.   In view of the foregoing, FGF Brands is entitled to a declaratory

11  judgment that FGF Brands' use of its own registered STONEFIRE mark does not

12  infringe Counterclaim Defendant's trademark rights.

13  

**COUNT II**

14  

**Cancellation of Counterclaim Defendant's Federal Trademark Registrations**

15      24.   FGF Brands repeats, realleges, and incorporates by reference each and

16  every allegation in Paragraphs 1 through 23 of these Counterclaims as if fully set forth

17  herein.

18      25.   On information and belief, Counterclaim Defendant, by and through its

19  undersigned counsel, attested to the United States Patent & Trademark Office in

20  trademark registration applications that its STONEFIRE GRILL and STONEFIRE

21  GRILL A FRESH APPROACH TO FAMILY DINING! marks were used in interstate

22  commerce since 2002 and 2006, respectively, for the services listed in the

23  applications.  These assertions of use in interstate commerce were false.

24      26.   When Counterclaim Defendant falsely stated under oath that the

25  STONEFIRE GRILL and STONEFIRE GRILL A FRESH APPROACH TO FAMILY

26  DINING! marks were being used in interstate commerce for the services listed,

27  Counterclaim Defendant knew those statements to be false, but made the statements in

28  order to induce the U.S. Patent and Trademark Office to issue the registrations sought.

23

27.   In reliance upon and due to the foregoing false statements made by Counterclaim Defendant in connection with Registration Nos. 2,880,327, 3,716,351, and 3,716,355, the United States Patent and Trademark Office issued these Registrations to Counterclaim Defendant for use of the marks in connection with restaurant and bar services.

28.   As proof of use of a service mark in interstate or foreign commerce is a necessary prerequisite to obtaining a registration under 15 U.S.C. §1051(a), and as the U.S. Patent and Trademark Office will not issue a registration under that Section unless a mark is being used in interstate or foreign commerce, the misrepresentations made by Counterclaim Defendant in the applications were material to the USPTO in deciding to grant Registration Nos. 2,880,327, 3,716,351, and 3,716,355.

29.   An applicant for a service mark registration commits fraud in procuring and/or maintaining a registration when it makes material misrepresentations of fact which it knows to be false or misleading.  Counterclaim Defendant committed fraud in procuring and/or maintaining U.S. Registration Nos. 2,880,327, 3,716,351, and 3,716,355 by falsely stating in its applications for the STONEFIRE GRILL and STONEFIRE GRILL A FRESH APPROACH TO FAMILY DINING! marks that these marks were being used in interstate commerce.

30.   Registration Nos. 2,880,327, 3,716,351, and 3,716,355 should be cancelled pursuant to 15 U.S.C. § 1064(3) in that these registrations were obtained by fraud and are therefore void.

31.   Registration Nos. 2,880,327, 3,716,351, and 3,716,355 should be also cancelled pursuant to 15 U.S.C. § 1064(3) in that the marks have not been used in interstate commerce for the services listed in the registrations are therefore void for that reason as well.

32.   Counterclaim Defendant is causing irreparable harm to FGF Brands for which there is no adequate remedy at law.

33.   In view of the foregoing, this Court should exercise its authority to order

24

the U.S. Patent and Trademark Office to cancel U.S. Registration Nos. 2,880,327, 3,716,351, and 3,716,355.

### **PRAYER FOR RELIEF**

Wherefore, FGF Brands respectfully requests that this Court:

1.   Enter a judgment that Stonefire Grill, Inc. takes nothing by way of its Complaint;

2.   Dismiss Stonefire Grill, Inc.'s Complaint in its entirety with prejudice;

3.   Enter judgment in FGF Brands' favor and against Stonefire Grill, Inc. on all of FGF Brands' counterclaims;

4.   Award FGF Brands damages in an amount to be proven at trial;

5.   Cancel Stonefire Grill, Inc.'s Registrations bearing U.S. Reg. Nos. 2,880,327, 3,716,351, and 3,716,355;

6.   Award FGF Brands its reasonable attorneys' fees and costs; and

7.   Grant FGF Brands such other relief as this Court shall deem just and proper.

# **DEMAND FOR JURY TRIAL**

FGF Brands, Inc. demands a jury trial on all issues for which it has a right to a jury trial.


DATED:  July 5, 2012                    Respectfully submitted,

KIRKLAND & ELLIS LLP


By: _____

Sharre Lotfollahi
Attorney for Defendant
FGF BRANDS, INC.

FGF BRANDS' ANSWER TO COMPLAINT AND COUNTERCLAIMS                    CASE NO: CV 11-8292

1

## **PROOF OF SERVICE**

2

3

I, Sharre Lotfollahi, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 333 South Hope Street, Los Angeles, California 90071.

4

5

On July 5, 2012, I served a copy of the following document(s) described as:

6

7

**ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND OTHER RELIEF; COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT AND CANCELLATION OF COUNTERCLAIM DEFENDANT'S FEDERAL TRADEMARK REGISTRATIONS**

8

on the interested parties in this action as follows:

9

10

☑   **By U.S. Mail**

11

By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, to the addressee(s) set forth below.

12

13

14

15

16

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing.

17

18

19

20

Brent H. Blakely
bblakely@blakelylawgroup.com
Michael Marchand
mmarchand@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Los Angeles, CA  90038

21

22

I declare under penalty of perjury that the foregoing is true and correct.

23

Executed on July 5, 2012, at Los Angeles, California.

24

25

Sharre Lotfollahi

26

27

28