Diana M. Torres (S.B.N. 162284)
diana.torres@kirkland.com
Allison W. Buchner (S.B.N. 253102)
allison.buchner@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California  90071
Telephone:  (213) 680-8400
Facsimile:   (213) 680-8500

Attorneys for Defendant
FGF BRANDS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| STONEFIRE GRILL, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FGF BRANDS, INC., a Canadian corporation, doing business as STONEFIRE AUTHENTIC FLATBREADS,<br><br>Defendant. | CASE NO. CV 11-8292-CAS (PJWx)<br><br>**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF; COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT AND CANCELLATION OF COUNTERCLAIM DEFENDANT'S FEDERAL TRADEMARK REGISTRATIONS**<br><br>**JURY TRIAL DEMANDED** |

Defendant FGF Brands, Inc. ("FGF Brands") hereby answers the Complaint of Plaintiff Stonefire Grill, Inc. ("Stonefire") as follows:

## JURISDICTION & VENUE

1.     Paragraph 1 of the Complaint states legal conclusions to which no response is necessary.  To the extent that any response is required, FGF Brands denies the allegations therein.

2.     Paragraph 2 of the Complaint states legal conclusions to which no response is necessary.  To the extent that any response is required, FGF Brands denies

the allegations therein.  FGF Brands further specifically denies that the effects of any actions by FGF Brands have caused damage to the Plaintiff or that it has violated any right owned by Plaintiff in this District or elsewhere.

3.      Paragraph 3 of the Complaint states legal conclusions to which no response is necessary.  To the extent that any response is required, FGF Brands denies the allegations therein.

## THE PARTIES

4.      FGF Brands admits that Plaintiff purports to be a California corporation with its principal place of business in Westlake Village, California.  Except as expressly admitted, FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 4 of the Complaint, and on that basis denies each and every one of the allegations set forth therein.

5.      FGF Brands admits that it is a Canadian corporation with its principal place of business in Ontario, Canada.  FGF Brands further admits that it sells Stonefire Authentic Flatbreads.  Except as expressly admitted, FGF Brands denies the remaining allegations set forth in Paragraph 5 of the Complaint.

## NATURE OF THE ACTION

6.      FGF Brands admits that Plaintiff purports to bring causes of action under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.,* common law, and California statutory law, but denies that any of Plaintiff's claims are valid or that Plaintiff is entitled to any monetary or injunctive relief.  Except as expressly admitted, FGF Brands denies the allegations of Paragraph 6 and specifically denies that Plaintiff's marks are valid or enforceable or that they are infringed by FGF Brands.

## FACTUAL BACKGROUND
### Stonefire Grill's Business and Trademarks

7.      FGF Brands admits that Plaintiff appears to be a small chain of restaurants and is located in Southern California.  Except as expressly admitted, FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations

2

set forth in Paragraph 7 of the Complaint, and on that basis denies each and every one of the allegations set forth therein.

8.     FGF Brands admits that Exhibit A to the Complaint contains what on its face appears to be a printout from the USPTO's website for Reg. No. 2,880,327, listing Stonefire Grill, Inc. as the last listed owner of the word mark STONEFIRE GRILL.  FGF Brands also admits that Exhibit A to the Complaint contains what on its face appears to be a printout from the USPTO's website for Reg. No. 3,716,351, listing Stonefire Grill, Inc. as the owner of the word mark STONEFIRE GRILL.  FGF Brands also admits that Exhibit A to the Complaint contains what on its face appears to be a printout from the USPTO's website for Reg. No. 3,716,355, listing Stonefire Grill, Inc. as the owner of the word mark STONEFIRE GRILL A FRESH APPROACH TO FAMILY DINING!  Except as expressly admitted, FGF Brands denies the allegations set forth in Paragraph 8 of the Complaint and expressly denies that Plaintiff's alleged trademark registrations are valid.

9.     FGF Brands admits that Exhibit B to the Complaint contains what on its face appears to be true and correct copies of Cal. Reg. Nos. 64925 and 65097, listing Stonefire Grill, Inc. as the registrant for service mark STONEFIRE GRILL.  FGF Brands also admits that Exhibit B to the Complaint contains what on its face appears to be a true and correct copy of Cal. Reg. No. 65100, listing Stonefire Grill, Inc. as the registrant for service mark STONEFIRE GRILL A FRESH APPROACH TO FAMILY DINING!  Except as expressly admitted, FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 9 of the Complaint, and on that basis denies each and every one of the allegations set forth therein.

10.     FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 of the Complaint, and on that basis denies each and every one of the allegations set forth therein.

11.     FGF Brands lacks knowledge or information sufficient to form a belief

3

as to the allegations set forth in Paragraph 11 of the Complaint, and on that basis denies each and every one of the allegations set forth therein.

12.    FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 12 of the Complaint, and on that basis denies each and every one of the allegations set forth therein.

13.    FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 13 of the Complaint, and on that basis denies each and every one of the allegations set forth therein.

14.    FGF Brands denies that Plaintiff has used its Marks in interstate commerce given that Plaintiff's small STONEFIRE GRILL chain of restaurants is limited to Southern California.  To the extent Paragraph 14 calls for a legal conclusion regarding Plaintiff's common law rights, if any, no response is necessary.  For the remaining allegations set forth in Paragraph 14 of the Complaint, FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations and on that basis denies each and every one of the allegations set forth therein.

15.    Paragraph 15 of the Complaint states legal conclusions to which no response is necessary.  To the extent that any response is required, FGF Brands denies the allegations therein.

16.    FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 16 of the Complaint and on that basis denies each and every one of the allegations set forth therein.

17.    FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 17 of the Complaint and on that basis denies each and every one of the allegations set forth therein.

18.    FGF Brands lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 18 of the Complaint and on that basis denies each and every one of the allegations set forth therein.

**Defendant's Business and Infringement**

19.    FGF Brands admits that it sells certain types of ethnic flatbread under the name "Stonefire Authentic Flatbreads."  Except as expressly admitted, FGF Brands denies the allegations of Paragraph 19 and specifically denies that its products infringe any of Plaintiff's Marks.

20.    FGF Brands denies the allegations of Paragraph 20.

21.    FGF Brands admits that it sells its products in multiple grocery stores and retail outlets.  Except as expressly admitted, FGF Brands denies the allegations of Paragraph 21.

22.    FGF Brands denies the allegations of Paragraph 22.

23.    FGF Brands denies the allegations of Paragraph 23.

**Further Allegations**

24.    FGF Brands denies the allegations of Paragraph 24.

25.    FGF Brands denies the allegations of Paragraph 25.

26.    FGF Brands admits that Plaintiff has no control over the nature and quality of FGF Brand's products.  Except as expressly admitted, FGF Brands denies the allegations of Paragraph 26.

27.    FGF Brands denies the allegations of Paragraph 27.

28.    FGF Brands denies the allegations of Paragraph 28.

29.    FGF Brands denies the allegations of Paragraph 29.

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement, 15 U.S.C. § 1114)**

30.    FGF Brands hereby repeats, realleges, and incorporates by reference each and every response to Paragraphs 1-29 of the Complaint, inclusive, as if fully set forth herein.

31.    Paragraph 31 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 31 are denied.

32.     Paragraph 32 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 32 are denied.

33.     Paragraph 33 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 33 are denied.

34.     Paragraph 34 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 34 are denied.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin & Unfair Competition

### Under Federal Law, 15 U.S.C. § 1125)

35.     FGF Brands hereby repeats, realleges, and incorporates by reference each and every response to Paragraphs 1-34 of the Complaint, inclusive, as if fully set forth herein.

36.     Paragraph 36 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 36 are denied.

37.     Paragraph 37 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 37 are denied.

38.     [Plaintiff's Amended Complaint skips Paragraph Number 38]

39.     Paragraph 39 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 39 are denied.

40.     Paragraph 40 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 40 are denied.

41.     Paragraph 41 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 41 are denied.

42.     Paragraph 42 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 42 are denied.

## THIRD CLAIM FOR RELIEF

### (Infringement Under California Law, Cal. Bus. & Prof. Code § 14245)

43.     FGF Brands hereby repeats, realleges, and incorporates by reference each and every response to Paragraphs 1-42 of the Complaint, inclusive, as if fully set forth herein.

44.     Paragraph 44 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 44 are denied.

45.     Paragraph 45 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 45 are denied.

46.     Paragraph 46 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 46 are denied.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition, Cal. Bus. & Prof. Code § 17200)

47.     FGF Brands hereby repeats, realleges, and incorporates by reference each and every response to Paragraphs 1-45 of the Complaint, inclusive, as if fully set forth herein.

48.     Paragraph 48 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 48 are denied.

7

49.     Paragraph 49 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 49 are denied.

50.     Paragraph 50 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 50 are denied.

51.     Paragraph 51 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 51 are denied.

52.     Paragraph 52 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 52 are denied.

## FIFTH CLAIM FOR RELIEF

53.     **(Cancellation of U.S. Reg. No. 4,020,583)**FGF Brands hereby repeats, realleges, and incorporates by reference each and every response to Paragraphs 1 through 52 of the Complaint, inclusive, as if fully set forth herein.

54.     FGF Brands admits that U.S. Trademark Reg. No. 2,880,327 for the mark STONEFIRE GRILL for use in connection with restaurant services appears on its face to have been registered on August 31, 2004.  FGF Brands lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 54 and on that basis denies each and every such allegation set forth therein.

55.     FGF Brands admits that on August 30, 2011, it registered its STONEFIRE mark (U.S. Reg. No. 4,020,583) for use in connection with flat bread.

56.     FGF Brands denies the allegations of Paragraph 56.

57.     Paragraph 57 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 57 are denied.

8

58.     Paragraph 58 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 58 are denied.

59.     Paragraph 59 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 59 are denied.

60.     Paragraph 60 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 60 are denied.

61.     Paragraph 61 of the Complaint states a legal conclusion to which no response is necessary.  To the extent that a response is required, the allegations of Paragraph 61 are denied.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth in these affirmative defenses, FGF Brands does not admit that it has the burden of proof and/or persuasion with respect to any of these matters.  FGF Brands reserves the right to assert additional affirmative defenses as they become known through discovery and course of the litigation.

### First Affirmative Defense
### (For Failure to State a Claim)

62.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (For Lack of Injury)

63.     Plaintiff's claims and the relief sought are barred, in whole or in part, because Plaintiff has not sustained any damages and has suffered no harm caused by FGF Brands.

## Third Affirmative Defense

### (For Failure to Mitigate)

64.     Plaintiff has failed to take reasonable action to mitigate any loss, injury, or damage allegedly suffered, and any recovery must be barred or diminished by reason thereof.

## Fourth Affirmative Defense

### (Waiver)

65.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.  Plaintiff has neglected and failed to enforce its STONEFIRE marks against multiple third-party uses relating to the same or similar goods or services and has therefore waived its right to enforce them against FGF Brands.  FGF Brands justifiably relied on Plaintiff's failure to enforce the STONEFIRE marks when FGF Brands adopted the STONEFIRE mark.

## Fifth Affirmative Defense

### (Estoppel)

66.     Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.  Plaintiff is equitably estopped from asserting the validity or enforceability of its STONEFIRE marks as a result of, *inter alia*, Plaintiff's neglect and failure to enforce such marks against multiple third-party uses relating to the same or similar goods or services.  FGF Brands justifiably relied on Plaintiff's failure to enforce the STONEFIRE marks when FGF Brands adopted the STONEFIRE mark.

## Sixth Affirmative Defense

### (Acquiescence and Abandonment)

67.     Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence and abandonment.  Plaintiff has acquiesced in and neglected and failed to enforce its STONEFIRE marks against multiple third-party uses relating to the same or similar goods or services.  Such acquiescence, neglect, and failure to enforce by Plaintiff have occurred over many years with Plaintiff's full knowledge of such

10

use. Such prolonged acquiescence, neglect, and failure to enforce have undermined any strength and distinctiveness of Plaintiff's STONEFIRE marks in the mind of the public. As a result, Plaintiff's STONEFIRE mark is not famous, distinctive or enforceable, and there is no likelihood of confusion, deception, or mistake that goods or services sold in connection with FGF Brands distinctively different mark have the same source of sponsorship or association with goods or services sold in connection with Plaintiff's STONEFIRE marks.

## Seventh Affirmative Defense
### (Trademark Misuse)

68.    Plaintiff's claims, in whole or in part, are barred by the doctrine of trademark misuse.

## Eighth Affirmative Defense
### (Unclean Hands)

69.    Plaintiff's claims, in whole or in part, are barred by the doctrine of unclean hands.

## Ninth Affirmative Defense
### (Fraud)

70.    Plaintiff's claims, in whole or in part, are barred because Plaintiff's registrations were fraudulently procured as explained in detail in Paragraphs 24 through 33 of FGF Brands' Counterclaims, which are incorporated by reference as if fully set forth herein.

## Tenth Affirmative Defense
### (Failure to Use in Interstate Commerce)

71.    Plaintiff's federal trademark registrations are void *ab initio* because at the time of procurement the marks had not been used in interstate commerce.

## Eleventh Affirmative Defense
### (Laches)

72.    Plaintiff's claims, in whole or in part, are barred by the doctrine of

11

laches.

## Twelfth Affirmative Defense

## (Lack of Personal Jurisdiction)

73.     FGF Brands alleges that the Court lacks personal jurisdiction over it, and it hereby expressly reserves its right under Federal Rule of Civil Procedure 12(b)(2).

## Thirteenth Affirmative Defense

## (Improper Venue)

74.     FGF Brands alleges that the Court is not the proper venue for Plaintiff's claims, and it hereby expressly reserves its right under Federal Rule of Civil Procedure 12(b)(2).

## FOURTEENTH AFFIRMATIVE DEFENSE

## (GOOD FAITH)

75.     Plaintiff's claims, in whole or in part, are barred because FGF Brands' conduct has at all times been innocent, in good faith, and non-willful.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff FGF Brands, Inc. ("FGF Brands"), by and through its undersigned counsel, hereby asserts the following counterclaims against Plaintiff and Counterclaim Defendant Stonefire Grill, Inc. ("Stonefire").

## THE PARTIES

1.     Counterclaim Plaintiff FGF Brands, Inc. is a Canadian corporation with its principal place of business in Toronto, Ontario, Canada.

2.     Upon information and belief, Counterclaim Defendant Stonefire Grill, Inc. is a California corporation with its principal place of business in Westlake Village, California.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over FGF Brands' counterclaims pursuant to 28 U.S.C. §§ 1331 & 1338 and Section 37 of the Lanham Act, 15 U.S.C. § 1119.

12

4. Counterclaim Defendant is subject to personal jurisdiction in this judicial district because it is a California corporation with its principal place of business in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391.

### FACTUAL BACKGROUND

6. FGF Brands is a family-owned business, founded in 2004 to provide high quality, authentic food products at affordable prices. FGF Brands makes and sells flatbreads—Naan, Pita, Roti, and, most recently, pizza crust—using its STONEFIRE mark. These breads are available in approximately twenty-two thousand grocery stores and large retail outlets across the United States and Canada.

7. FGF Brands' Stonefire Authentic Flatbreads have gained international recognition. Indeed, on information and belief, FGF Brands' Stonefire Authentic Flatbreads was the first food brand ever to be featured on the popular cooking show *Hell's Kitchen*. *Every Day with Rachael Ray* magazine named Stonefire garlic naan the number one flatbread of over 400 products tested. Similarly, the Stonefire Tandoori naan was featured in the *San Francisco Chronicle* and inducted into the publication's Hall of Fame. Stonefire whole wheat naan was also recently featured on the *Dr. Oz* show. And FGF Brands won the 2011 Whole Foods Market Supplier Award for Excellence in Product Quality.

8. FGF Brands owns the trademark STONEFIRE, registered with the United States Patent & Trademark Office, identified as Registration No. 4020583.

9. On information and belief, Counterclaim Defendant operates a chain of seven casual restaurants in Southern California, each of which is named "Stonefire Grill."

10. On information and belief, no Stonefire Grill restaurant, operated by Counterclaim Defendant, has ever been located outside of Southern California.

11. On information and belief, Counterclaim Defendant owns the trademark STONEFIRE GRILL, registered with the United States Patent & Trademark Office

13

under Registration Nos. 2,880,327 and 3,716,351, and the trademark STONEFIRE GRILL A FRESH APPROACH TO FAMILY DINING!, registered with the United States Patent & Trademark Office under Registration No. 3,716,355.

12.     According to its trademark registrations, Counterclaim Defendant uses its marks for restaurant services.

13.     On information and belief, in connection with its applications for the STONEFIRE GRILL and STONEFIRE GRILL A FRESH APPROACH TO FAMILY DINING! marks, Counterclaim Defendant attested to the United States Patent & Trademark Office that these marks were used in interstate commerce since 2002 and 2006, respectively.  In reliance on these attestations, the United States Patent & Trademark Office granted Counterclaim Defendant's trademark applications.

<u>**COUNTERCLAIMS**</u>

<u>**COUNT I**</u>

<u>**Declaratory Judgment of No Trademark Infringement**</u>

14.     FGF Brands repeats, realleges, and incorporates by reference each and every allegation in Paragraphs 1 through 13 of these Counterclaims as if fully set forth herein.

15.     Counterclaim Defendant has accused FGF Brands of infringing Counterclaim Defendant's alleged trademark rights in the STONEFIRE GRILL and STONEFIRE GRILL A FRESH APPROACH TO FAMILY DINING! marks and of committing acts of unfair competition under federal and state law based on FGF Brands' use of its own registered STONEFIRE mark.

16.     Counterclaim Defendant's use of its marks has always consisted of the word "STONEFIRE" used in connection with "GRILL" and/or "GRILL A FRESH APPROACH TO FAMILY DINING!"  Indeed, there are numerous third-parties using the single word "STONEFIRE."

17.     As such, Counterclaim Defendant has consistently communicated to the purchasing public that its restaurant services are identified by the marks STONEFIRE

GRILL or STONEFIRE GRILL A FRESH APPROACH TO FAMILY DINING! not STONEFIRE, standing alone.

18.    FGF Brands' flat bread products sold under its STONEFIRE mark are offered at retail outlets across the United States.

19.    On information and belief, Counterclaim Defendant, on the other hand, offers restaurant services only in the state of California and does not engage in interstate commerce.  And, on information and belief, Counterclaim Defendant does not actually sell bread products, apart from the unremarkable fact that bread is part of certain meals.

20.    In view of the foregoing, FGF Brands' use of its own STONEFIRE mark is not confusingly similar to Counterclaim Defendant's use of STONEFIRE GRILL or STONEFIRE GRILL A FRESH APPROACH TO FAMILY DINING! to describe Counterclaim Defendant's restaurant services.

21.    FGF Brands will be harmed by the continued assertion by Counterclaim Defendant that use by FGF Brands of its own registered mark infringes any trademark right owned by Counterclaim Defendant.

22.    FGF Brands has no adequate remedy at law.

23.    In view of the foregoing, FGF Brands is entitled to a declaratory judgment that FGF Brands' use of its own registered STONEFIRE mark does not infringe Counterclaim Defendant's trademark rights.

## COUNT II
## Cancellation of Counterclaim Defendant's Federal Trademark Registrations

24.    FGF Brands repeats, realleges, and incorporates by reference each and every allegation in Paragraphs 1 through 23 of these Counterclaims as if fully set forth herein.

25.    On information and belief, Counterclaim Defendant, by and through its undersigned counsel, attested to the United States Patent & Trademark Office in trademark registration applications that its STONEFIRE GRILL and STONEFIRE

GRILL A FRESH APPROACH TO FAMILY DINING! marks were used in interstate commerce since 2002 and 2006, respectively, for the services listed in the applications.  These assertions of use in interstate commerce were false.

26.     When Counterclaim Defendant falsely stated under oath that the STONEFIRE GRILL and STONEFIRE GRILL A FRESH APPROACH TO FAMILY DINING! marks were being used in interstate commerce for the services listed, Counterclaim Defendant knew those statements to be false, but made the statements in order to induce the U.S. Patent and Trademark Office to issue the registrations sought.

27.     In reliance upon and due to the foregoing false statements made by Counterclaim Defendant in connection with Registration Nos. 2,880,327, 3,716,351, and 3,716,355, the United States Patent and Trademark Office issued these Registrations to Counterclaim Defendant for use of the marks in connection with restaurant and bar services.

28.     As proof of use of a service mark in interstate or foreign commerce is a necessary prerequisite to obtaining a registration under 15 U.S.C. §1051(a), and as the U.S. Patent and Trademark Office will not issue a registration under that Section unless a mark is being used in interstate or foreign commerce, the misrepresentations made by Counterclaim Defendant in the applications were material to the USPTO in deciding to grant Registration Nos. 2,880,327, 3,716,351, and 3,716,355.

29.     An applicant for a service mark registration commits fraud in procuring and/or maintaining a registration when it makes material misrepresentations of fact which it knows to be false or misleading.  Counterclaim Defendant committed fraud in procuring and/or maintaining U.S. Registration Nos. 2,880,327, 3,716,351, and 3,716,355 by falsely stating in its applications for the STONEFIRE GRILL and STONEFIRE GRILL A FRESH APPROACH TO FAMILY DINING! marks that these marks were being used in interstate commerce.

30.     Registration Nos. 2,880,327, 3,716,351, and 3,716,355 should be cancelled pursuant to 15 U.S.C. § 1064(3) in that these registrations were obtained by

16

fraud and are therefore void.

31.    Registration Nos. 2,880,327, 3,716,351, and 3,716,355 should be also cancelled pursuant to 15 U.S.C. § 1064(3) in that the marks have not been used in interstate commerce for the services listed in the registrations are therefore void for that reason as well.

32.    Counterclaim Defendant is causing irreparable harm to FGF Brands for which there is no adequate remedy at law.

33.    In view of the foregoing, this Court should exercise its authority to order the U.S. Patent and Trademark Office to cancel U.S. Registration Nos. 2,880,327, 3,716,351, and 3,716,355.

## **PRAYER FOR RELIEF**

Wherefore, FGF Brands respectfully requests that this Court:

1.    Enter a judgment that Stonefire Grill, Inc. takes nothing by way of its Complaint;

2.    Dismiss Stonefire Grill, Inc.'s Complaint in its entirety with prejudice;

3.    Enter judgment in FGF Brands' favor and against Stonefire Grill, Inc. on all of FGF Brands' counterclaims;

4.    Award FGF Brands damages in an amount to be proven at trial;

5.    Cancel Stonefire Grill, Inc.'s Registrations bearing U.S. Reg. Nos. 2,880,327, 3,716,351, and 3,716,355;

6.    Award FGF Brands its reasonable attorneys' fees and costs; and

7.    Grant FGF Brands such other relief as this Court shall deem just and proper.

1

## DEMAND FOR JURY TRIAL

2

      FGF Brands, Inc. demands a jury trial on all issues for which it has a right to a

3

jury trial.

4

5

6

DATED:  January 22, 2013         Respectfully submitted,

7

                                KIRKLAND & ELLIS LLP

8

9

                                By:   /s/  Allison W. Buchner

10

                                        Allison W. Buchner
                                        Attorney for Defendant

11

                                        FGF BRANDS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FGF BRAND'S ANSWER TO STONEFIRE GRILL'S COMPLAINT              CASE NO: CV 11-8292