Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Michael Marchand (SBN 281080)
mmarchand@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Los Angeles, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff*
*Stonefire Grill, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONEFIRE GRILL, INC., a California Corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FGF BRANDS, INC., a Canadian Corporation, dba STONEFIRE AUTHENTIC FLATBREADS, and DOES 1-10, inclusive,<br><br>　　　　　　Defendants.<br><br>RELATED COUNTERCLAIM | CASE NO. CV 11-8292-JGB(PJWx)<br><br>**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS** |

　　　Plaintiff Stonefire Grill, Inc. ("Plaintiff") files this Answer in response to the Counterclaim ("Counterclaim") of Defendant FGF Brands, Inc. ("Defendant")

## THE PARTIES

　　　1.　　With respect to the allegations contained in paragraph 1 of the Counterclaim, Plaintiff is without sufficient information or belief as to the facts alleged in this paragraph and on that basis denies those allegations.

2. With respect to the allegations contained in paragraph 2 of the Counterclaim, Plaintiff admits that its principal place of business is in Westlake Village, California.

## JURISDICTION AND VENUE

3. With respect to the allegations contained in paragraph 3 of the Counterclaim, Plaintiff admits that this Court has subject matter jurisdiction over this action.

4. With respect to the allegations contained in paragraph 4 of the Counterclaim, Plaintiff admits that this Court has personal jurisdiction over Defendant.

5. With respect to the allegations contained in paragraph 5 of the Counterclaim, Plaintiff admits that venue is proper in this judicial district to the extent it relates to Plaintiff's claims alleged in its Complaint.

## FACTUAL BACKGROUND

6. With respect to the allegations contained in paragraph 6 of the Counterclaim, Plaintiff is without sufficient information or belief as to the facts alleged in this paragraph and on that basis denies those allegations.

7. With respect to the allegations contained in paragraph 7 of the Counterclaim, Plaintiff is without sufficient information or belief as to the facts alleged in this paragraph and on that basis denies those allegations.

8. With respect to the allegations contained in paragraph 8 of the Counterclaim, Plaintiff is without sufficient information or belief as to the facts alleged in this paragraph and on that basis denies those allegations.

9. With respect to the allegations contained in paragraph 9 of the Counterclaim, Plaintiff admits that it operates seven restaurants in Southern California, each of which is named "Stonefire Grill", but denies the remainder of the allegations contained therein.

10. With respect to the allegations contained in paragraph 10 of the Counterclaim, Plaintiff admits that no Stonefire Grill restaurants, operated by Plaintiff,

1   have ever been located outside of Southern California, but denies the remainder of the
2   allegations contained therein.
3       11.    With respect to the allegations contained in paragraph 11 of the
4   Counterclaim, Plaintiff admits that it is the owner of trademarks identified as
5   Registration Nos. 2,880.327, 3,716,351, and 3,716,355.
6       12.    With respect to the allegations contained in paragraph 12 of the
7   Counterclaim, Plaintiff admits that it uses its mark for restaurant services, but denies
8   the remainder of the allegations contained therein.
9       13.    With respect to the allegations contained in paragraph 13 of the
10  Counterclaim, Plaintiff admits the allegations contained therein.

## COUNTERCLAIMS

## COUNT I

**(Declaratory Judgment of No Trademark Infringement)**

14. With respect to the allegations contained in paragraph 14 of the Counterclaim, Plaintiff realleges and reincorporates by reference the averments of the preceding paragraphs as though fully set forth herein.

15. With respect to the allegations contained in paragraph 15 of the Counterclaim, Plaintiff admits the allegations contained therein.

16. With respect to the allegations contained in paragraph 16 of the Counterclaim, Plaintiff denies the allegations contained therein.

17. With respect to the allegations contained in paragraph 17 of the Counterclaim, Plaintiff denies the allegations contained therein.

18. With respect to the allegations contained in paragraph 18 of the Counterclaim, Plaintiff is without sufficient information or belief as to the facts alleged in this paragraph and on that basis denies those allegations.

19. With respect to the allegations contained in paragraph 19 of the Counterclaim, Plaintiff denies the allegations contained therein.

3
**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

20. With respect to the allegations contained in paragraph 20 of the Counterclaim, Plaintiff denies the allegations contained therein.

21. With respect to the allegations contained in paragraph 21 of the Counterclaim, Plaintiff denies the allegations contained therein.

22. With respect to the allegations contained in paragraph 22 of the Counterclaim, Plaintiff denies the allegations contained therein.

23. With respect to the allegations contained in paragraph 23 of the Counterclaim, Plaintiff denies the allegations contained therein.

## COUNT II

**(Cancellation of Plaintiff's Federal Trademark Registrations**

24. With respect to the allegations contained in paragraph 24 of the Counterclaim, Plaintiff realleges and reincorporates by reference the averments of the preceding paragraphs as though fully set forth herein.

25. With respect to the allegations contained in paragraph 25 of the Counterclaim, Plaintiff admits that Plaintiff, through its counsel attested to the USPTO that its STONEFIRE GRILL and STONEFIRE GRILL A FRESH APPROACH TO FAMILY DINING! Marks were used in interstate commerce since 2002 and 2006, respectively, for the services listed in the applications, but denies the remainder of the allegations contained therein.

26. With respect to the allegations contained in paragraph 26 of the Counterclaim, Plaintiff denies the allegations contained therein.

27. With respect to the allegations contained in paragraph 27 of the Counterclaim, Plaintiff denies the allegations contained therein.

28. With respect to the allegations contained in paragraph 28 of the Counterclaim, Plaintiff denies the allegations contained therein.

29. With respect to the allegations contained in paragraph 29 of the Counterclaim, Plaintiff denies the allegations contained therein.

30. With respect to the allegations contained in paragraph 30 of the Counterclaim, Plaintiff denies the allegations contained therein.

31. With respect to the allegations contained in paragraph 31 of the Counterclaim, Plaintiff denies the allegations contained therein.

32. With respect to the allegations contained in paragraph 32 of the Counterclaim, Plaintiff denies the allegations contained therein.

33. With respect to the allegations contained in paragraph 33 of the Counterclaim, Plaintiff denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

Plaintiff alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

34. Defendant's Counterclaim fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE
### (Doctrine of Unclean Hands)

35. Defendant has unclean hands, and it would be inequitable to grant to Defendant any remedies sought by its Counterclaim.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

36. Defendant is estopped by reason of its conduct, acts, and omissions from recovering on any claims that it may have had against Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE
### (No Standing)

37. Defendant lacks standing to seek cancellation of Plaintiff's federally registered trademarks.

### FIFTH AFFIRMATIVE DEFENSE
### (Valid Trademarks)

38. Plaintiff owns valid trademark registrations to the marks which Defendant seeks to invalidate.

## SIXTH AFFIRMATIVE DEFENSE
### (Protectable Trademarks)

39. Plaintiff's trademarks are inherently distinctive and have achieved secondary meaning.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Basis for Attorneys' Fees and Costs)

40. Defendant has failed to allege adequate and/or reasonable basis upon which to seek attorneys' fees and costs against Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE
### (Doctrine of Latches)

41. Defendant's claims are barred, in whole or in part, by the doctrine of latches.

## NINTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

42. Defendant's claims are barred, in whole or in part, by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE
### (Fraud)

43. Defendant's claims are barred in whole or in part by fraud.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Inequitable/Against Public Policy)

44. Under the circumstances, holding Plaintiff responsible for any purported damages allegedly suffered by Defendant would be inequitable, unfair, and/or against public policy.

## TWELVTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

45. Defendant's claims are barred, in whole or in part, by its failure to mitigate any alleged damages it claims to have suffered on account of Plaintiff's actions.

46. Plaintiff reserves the right to allege other affirmative defenses as they may become known during the course of discovery, and hereby specifically reserves the right to amend its Answer to allege said affirmative defenses as such time as they become known.

DATED: January 30, 2013    BLAKELY LAW GROUP

By: /s/ Michael Marchand
Brent H. Blakely
Michael Marchand
*Attorneys for Plaintiff Stonefire Grill, Inc.*