Diana M. Torres (S.B.N. 162284)
diana.torres@kirkland.com
Allison W. Buchner (S.B.N. 253102)
allison.buchner@kirkland.com
Sharre Lotfollahi (S.B.N. 258913)
sharre.lotfollahi@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Defendant*
*FGF Brands, Inc.*

Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Michael Marchand (SBN 281080)
mmarchand@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Los Angeles, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff*
*Stonefire Grill, Inc.*

FILED
CLERK, U.S. DISTRICT COURT
FEB 4 2013
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

NOTE CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| STONEFIRE GRILL, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FGF BRANDS, INC., a Canadian corporation, doing business as STONEFIRE AUTHENTIC FLATBREADS,<br><br>Defendant. | CASE NO. CV ~~12~~-08292-JGB (PJWx) — corrected to 11<br><br>~~[PROPOSED]~~ PROTECTIVE ORDER<br><br>Judge: Hon. Jesus G. Bernal<br><br>ANY PARTY INTENDING TO SUBMIT TO THE COURT ANY DOCUMENTS COVERED BY THIS PROTECTIVE ORDER SHALL FILE A MOTION UNDER LOCAL RULE 79-5 REQUESTING PERMISSION TO FILE THEM UNDER SEAL. |

*[signature]*

1

[PROPOSED] PROTECTIVE ORDER

## STIPULATED PROTECTIVE ORDER

1. The Court, having reviewed the *Joint Stipulation Re Protective Order* ("Stipulation"), entered into on January 22, 2013, between Stonefire Grill, Inc. and FGF Brands, Inc. (collectively, the "Parties"), and for good cause shown, and to facilitate discovery and particularly to facilitate the exchange during discovery of documents, things, information, testimony and other evidence (collectively, "Information"), hereby rules as follows:

**IT IS HEREBY ORDERED** that:

2. <u>Right to Designate</u>: In connection with discovery proceedings in this action, any Party to this Action may designate information produced by that party as "Confidential" or "Confidential-Attorneys' Eyes Only" under the terms of this Order. This Order is also applicable to additional parties that may be joined in the future, as well as any third parties required to respond to discovery in this Action who execute a copy of Exhibit "A" hereto. Any materials produced, given or served pursuant to discovery requests in this litigation and designated by the producing party as "Confidential" or "Confidential-Attorneys' Eyes Only," or any information contained in or derived from any of the foregoing materials, shall be subject to the provisions of this Order.

3. <u>Consent to Jurisdiction</u>: Unless otherwise specified by the Court, the Court retains jurisdiction throughout litigation and following termination of this Action to enforce this Order, and to make such amendments, modifications, deletions and additions to this Order as the Court deems appropriate.

4. <u>Scope of Order</u>: All "Confidential" and "Confidential-Attorneys' Eyes Only" materials exchanged during the course of litigation shall only be used for the purpose of this litigation including, without limitation, depositions, hearings, motions, pleadings, preparation and trial. None of the materials designated as "Confidential" or "Confidential-Attorneys' Eyes Only" shall be used in a manner other than that

permitted by this Order, or disclosed to any person except in accordance with the terms herein.

5. <u>Application to Party's Own Information</u>: This Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose.

6. <u>Responsibility of Counsel</u>: Counsel for the Parties shall be responsible for restricting disclosure of designated materials in accordance with the provisions of this Order.

7. <u>"Confidential" Designation</u>: A "Confidential" designation is defined as including without limitation, any document (or portion thereof), thing, testimony, data, file, information, or other material that contains or reflects proprietary or confidential information that either party desires not to be made public. This definition encompasses materials obtained from any source, including information originating from a third party in which reasonable steps were taken to keep the information confidential, and may include personal information, the disclosure of which may violate the right of privacy or threaten harm to an individual. By designating information as "Confidential," the designator represents that such designation is based upon a good faith belief that the designated material is entitled to protection under the California Code of Civil Procedure and applicable case law.

8. <u>"Confidential-Attorneys' Eyes Only" Designation</u>: A "Confidential-Attorneys' Eyes Only" designation is defined as including without limitation, any or any portion of a non-public document, thing, testimony, data, file, information, or other material that constitutes or contains proprietary, trade secret, confidential, business, operational, financial, or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the designation. This definition encompasses materials obtained from any source, including information originating from a third party. By designating information as "Confidential-Attorneys' Eyes Only," the designator represents that such designation

is based upon a good faith belief that the designated material is entitled to protection under the California Code of Civil Procedure and applicable case law.

9. <u>Material not Entitled to a Designation</u>: Publicly available information or material is not entitled to the protection of this Order and shall not be designated as "Confidential" or "Confidential-Attorneys' Eyes Only."

10. <u>Creating a Designation</u>: "Confidential" or "Confidential-Attorneys' Eyes Only" designations for hard copies of documents or other materials shall be created by including a stamp of "Confidential" or "Confidential-Attorneys' Eyes Only" on each page for which confidentiality is claimed. All copies, extracts, compilations and summaries of materials stamped "Confidential" or "Confidential-Attorneys' Eyes Only" shall automatically receive the same designation as the corresponding originals. With respect to any materials not produced in paper form and that is not susceptible to the imprint of a stamp, the producing party shall, to the extent possible, produce such material with a cover labeled with the desired designation and its scope.

11. <u>Retroactive Designation</u>: All materials produced prior to the execution of this Order and designated as "Confidential" or "Confidential-Attorneys' Eyes Only" are presumed to retroactively hold that designation unless de-designated in writing within thirty (30) days of the entry of this Order.

12. <u>Effect of a "Confidential" Designation</u>: Access to information designated as "Confidential" and copies, extracts, compilations, and summaries thereof, as well as the information therein, shall be limited to the following individuals: (a) Parties to the above-captioned Action; (b) counsel for the Parties in this Action (attorneys employed or retained by the Parties who are involved in the prosecution or defense of the claims advanced in this action; as well as their respective paralegal, technical, administrative, secretarial and clerical personnel) (c) the Court, including court reporters, court officers, jurors, or other authorized court personnel; (d) mock jurors or jury consultants retained by the Parties or their counsel; (e) independent consultants and experts retained by the Parties or their counsel; (f) other

vendors related to the litigation retained by the Parties or their counsel. All authorized persons shall adhere to the requirement that designated materials, and the information contained therein, be kept confidential with respect to unauthorized individuals. All authorized persons in categories (d) - (f) herein shall sign an acknowledgement and agreement to be bound by the terms of this Protective Order, in the form attached hereto as Exhibit A. Materials designated as "Confidential" may only be photocopied as reasonably necessary for this litigation.

13. <u>Effect of a "Confidential-Attorneys' Eyes Only" Designation</u>: Subject to Paragraph 22 herein, access to information designated as "Confidential-Attorneys' Eyes Only" and copies extracts, compilations, and summaries thereof, as well as the information therein, shall be limited to the following: (a) counsel for the Parties in this Action (attorneys employed or retained by the Parties who are involved in the prosecution or defense of the claims advanced in this action; as well as their respective paralegal, technical, administrative, secretarial and clerical personnel); (b) the Court, including the court reporters, court officers, jurors, or other authorized court personnel; (c) mock jurors or jury consultants retained by the Parties or their counsel; (d) independent consultants and experts retained by the Parties or their counsel; (e) other vendors related to the litigation retained by the Parties or their counsel. All authorized persons shall adhere to the requirement that designated materials, and the information contained therein, be kept confidential with respect to unauthorized individuals. All authorized persons in categories (c) - (e) herein shall sign an acknowledgement and agreement to be bound by the terms of this Protective Order, in the form attached hereto as Exhibit A. Materials designated as "Confidential-Attorneys' Eyes Only" may only be photocopied as reasonably necessary for this litigation.

14. <u>Use of Designated Information in Pre-Trial Proceedings</u>: No pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that produce, paraphrase, summarize, or otherwise

contain any information designated as "Confidential" or "Confidential-Attorneys' Eyes Only," shall be filed with the Court until the party seeking to file such material has applied for a temporary or permanent sealing order from the Court to the extent permitted by the Court. At that time, that party shall serve a copy of the materials at issue on all other Parties. If the sealing order is granted, then such material shall be filed under seal in an envelope labeled with the caption of this suit, a description of the contents of the envelope, the applicable confidentiality designation, and a statement that the envelope is not to be opened nor the contents revealed except by court order pursuant to this Order.

    15. <u>Deposition Testimony</u>: Depositions shall be taken only in the presence of authorized individuals pursuant to the provisions of this Order. Any party may designate a deposition or portion thereof as "Confidential" or "Confidential-Attorneys' Eyes Only" by doing so on the record at the deposition or by serving written notice of the page and line of the confidential deposition portions, within fourteen (14) days of receiving the final transcript. Until the fourteen-day period to designate the deposition has passed, the entire transcript shall be treated as "Confidential," unless the Parties otherwise agree. A party may also orally designate testimony during the course of a deposition by making a statement to that effect, on the record at the deposition. In this case, the court reporter shall transcribe the designated pages in a separate volume marked with the appropriate designation. Any individuals attending the deposition must leave the room prior to discussion of whether material is designable if that person would not be an authorized person as to that material under Paragraphs 12 and 13 of this Order. No designated portions of deposition testimony shall be filed with the Court unless under seal pursuant to Paragraph 14 of this order.

    16. <u>Use of Designated Information at Trial</u>: No material shall lose its confidential status through use during any pretrial proceeding in this Action, and the party using the materials shall take all reasonable steps to maintain confidentiality

during such use, including without limitation, requesting that the Court seal any transcript with respect to that proceeding. At the time of trial, the Parties shall meet and confer, and if necessary, submit appropriate motions to the Court setting forth their respective positions as to the designations.

17. <u>Use by an Unauthorized Individual</u>: Disclosure of "Confidential" or "Confidential-Attorneys' Eyes Only" material to an individual not expressly authorized by Paragraphs 12 and 13 of this Order is not permitted, unless and until the following conditions have been satisfied: (1) the unauthorized individual agrees, in writing, to be bound by the terms of this Order; (2) the party proposing the disclosure informs the producing party, in writing, the names of the persons to view the material; and (3) the producing party approves the disclosure in writing.

18. <u>Inadvertent disclosure</u>: If a party inadvertently produces protected information without including an appropriate confidentiality designation, the recipient is still barred from making a disclosure beyond the terms of this Order provided that the recipient is notified of the failure to designate in writing by the producing party, or the recipient otherwise becomes aware of the error. The recipient is also prohibited from making a disclosure beyond the terms of this Order if the recipient knows that it contains confidential or sensitive information. Once the recipient becomes aware that there was an inadvertent failure to designate information as confidential, the receiving party will thereafter treat information as if it had been properly designated when produced and will make a good faith effort to secure the prompt return of all copies of documents that it distributed or disclosed to unauthorized persons. In the event of an inadvertent disclosure of correctly designated information other than in a manner authorized by this Order, counsel for the party responsible shall immediately notify counsel for the producing party. The receiving party shall then immediately employ reasonable efforts to ensure that all such information is subsequently treated as necessary pursuant to this Order, and that steps are taken to conform to the Order, for example, by returning all copies of designated documents. This provision does not

intend to restrict the rights of the producing party to seek further remedy from the Court.

19. **Challenging a designation**: If any party believes that material has been improperly designated as "Confidential" or "Confidential-Attorneys' Eyes Only," that party may notify the producing party in writing and provide a description of the material which the objecting party believes should be freed from this Order. Counsel shall meet and confer in good faith to resolve the dispute. If the objection remains unresolved after ten (10) days from the date of service of the objection, the objecting party may move the Court for an order that the information at issue has been improperly designated. The protection afforded by the Order shall continue until the Court makes a decision, provided that the motion has been timely filed.

20. **Modifying the Order**: This Order may be modified or amended by agreement of the Parties or by order of the Court. The Court shall have the power to alter the terms of this Order *sua sponte*, or to prevent either party from altering the terms and procedures set forth by this Order.

21. **Order is Not a Waiver**: This Order shall not prejudice the right of the Parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under California Code of Civil Procedure § 2031.060 for a separate protective order as to any particular document or information, including restrictions differing from those as specified under this Order. Additionally, the Order is not deemed a waiver of any party's right to object to discovery requests or the admission of evidence on any grounds.

22. **Termination of case**: At any time subsequent to the termination of this case and all possible appeals, counsel for the Parties shall assemble and return to each other all designated documents, material and deposition transcripts and all copies, extracts, compilations, and summaries, or materials with information derived thereof within thirty (30) days of receipt of written request for such materials. Alternatively,

counsel for the Parties shall certify the destruction of all aforementioned materials that are subject to this Order.

**IT IS SO ORDERED.**

DATED: January ~~January~~ 4, 2013
Feb

*Patrick J. Walsh*

Honorable ~~Jesus G. Bernal~~ PATRICK J. WALSH
United States Magistrate Judge

ANY PARTY INTENDING TO SUBMIT TO
THE COURT ANY DOCUMENTS COVERED
BY THIS PROTECTIVE ORDER SHALL FILE A
MOTION UNDER LOCAL RULE 79-5
REQUESTING PERMISSION TO FILE
THEM UNDER SEAL.

*PJW*