Diana M. Torres (S.B.N. 162284)
diana.torres@kirkland.com
Allison Buchner (S.B.N. 253102)
allison.buchner@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile:  (213) 680-8500

Dale Cendali, *pro hac vice*
dale.cendali@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900

Attorneys for Defendant
FGF BRANDS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| STONEFIRE GRILL, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FGF BRANDS, INC., a Canadian corporation, doing business as STONEFIRE AUTHENTIC FLATBREADS,<br><br>Defendant. | CASE NO. CV 11-8292-JGB (PJWx)<br><br>**[PROPOSED] JUDGMENT GRANTING DEFENDANT FGF BRANDS, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   July 15, 2013<br>Time:   9:00 a.m.<br>Room: Riverside-Courtroom 1<br><br>**Hon. Jesus G. Bernal** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant FGF Brands, Inc.'s Motion For Summary Judgment ("Motion") was heard by this Court on July 15, 2013. Upon consideration of the papers filed in support of and in opposition to the Motion, the pertinent records and documents on file in this case, and any oral arguments presented by counsel, and for good cause shown, the Court has determined that there are no genuine issues of material fact and FGF Brands, Inc. ("FGF") is entitled to judgment as a matter of law as to each of Plaintiff's claims and demands for relief.

Plaintiff Stonefire Grill, Inc. ("Plaintiff") is the owner of the marks "Stonefire Grill" (Fed. Reg. Nos. 2,880,327 and 3,716,351; Cal. Reg. No. 64925 and 65097) and "Stonefire Grill A Fresh Approach to Family Dining!" (Fed. Reg. No. 3,716,355; Cal. Reg. No. 65100). In its First Amended Complaint, Plaintiff alleged causes of action for trademark infringement under federal and California law, false designation of origin and unfair competition under federal law, and unfair competition under California law. Plaintiff also sought cancellation of FGF's own "Stonefire" mark (U.S. Reg. No. 4,020,583), on the basis that it is likely to cause confusion with Plaintiff's "Stonefire Grill" mark.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that FGF is entitled to summary judgment on all claims and the Motion shall be granted for the following reasons:

(1) To prevail on any one of its claims, Plaintiff bears the burden of establishing likelihood of confusion. *M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1080 n.5 (9th Cir. 2005). To establish the likelihood of confusion required to prevail on its claims, Plaintiff must come forth with sufficient evidence to show that a substantial portion of the consuming public is likely to be confused. *One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1163 (9th Cir. 2009). Here, Plaintiff has not adduced enough evidence and no reasonable jury can find a likelihood of confusion. Therefore, FGF is thus entitled to summary judgment on each of Plaintiff's claims and on its own claim for declaratory relief judgment of non-infringement.

1

(2) A trademark owner abandons its mark when it engages in any course of conduct, "including acts of omission as well as commission, [that] causes the mark to . . . lose its significance as a mark. 15 U.S.C. § 1127; *see also* Cal. Bus. & Prof. Code § 14202(i)(2). Under Ninth Circuit law, a trademark owner abandons its trademark rights by granting "naked licenses," which are those where the owner fails to maintain reasonable control over the quality of the goods or services sold by its licensee. *Barcamerica Int'l. USA Trust v. Tyfield Imps., Inc.*, 289 F.3d 589, 598 (9th Cir. 2002). Here, Plaintiff has abandoned its marks as a matter of law through its naked licensing and sham efforts to police. Because Plaintiff has abandoned its trademark rights, FGF is entitled to summary judgment on all of Plaintiff's claims.

(3) To obtain a federal trademark registration, a party must use its mark in *interstate commerce*. Trademark Manual of Examining Procedure §§ 901, 901.1. While a party may file an application based on an "intent to use," *id.* at § 901, the applicant must actually use the mark in interstate commerce on or in connection with the goods and services as specified in the application and file an allegation of use before a registration will issue. *Id.* Any mark that does not meet the interstate use requirement is void *ab initio*. *Aycock Eng'g., Inc. v. Airflite, Inc.,* 560 F.3d 1350, 1357-60 (Fed. Cir. 2009). Plaintiff's federal registrations are void *ab initio* because they were not used in interstate commerce at any time prior to their issuance. As a matter of law, these marks (Fed. Reg. Nos. 2,880,327; 3,716,351; 3,716,355) are therefore cancelled.

(4) Plaintiff seeks disgorgement of FGF's profits despite admitting that it has not suffered any loss whatsoever from FGF's alleged infringement. To proceed on that theory of damages, Plaintiff must show that FGF "willfully" chose its "Stonefire" mark to "exploit the advantage" of Plaintiff's marks. *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1405-07 (9th Cir. 1993); *Adray v. Adry-Mart, Inc.,* 76 F.3d 984, 988 (9th Cir. 1995). Here, Plaintiff has put forth no evidence that FGF chose the "Stonefire" mark in an attempt to exploit any advantage of Plaintiff's mark. As a

matter of law, Plaintiff is not entitled to damages it seeks to recover, and FGF's motion for summary judgment on this issue is granted.

Plaintiff's First Amended Complaint is dismissed in its entirety with prejudice, and FGF's claim for declaratory relief of no-infringement and its request for the cancellation of Plaintiff's marks are granted.

**IT IS SO ORDERED.**

DATED:  July ___, 2013

_____
Hon. Jesus G. Bernal
United States District Judge