UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-8292-JGB (PJWx)** | Date | June 27, 2013 |
|---|---|---|---|

| Title | *Stonefire Grill, Inc., v. FGF Brands, Inc.* |
|---|---|

Present: The Honorable     JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Minute Order DENYING Plaintiff's Motion to Exclude Expert Testimony of James Malackowski (IN CHAMBERS)

Before the Court is Plaintiff's Motion to Exclude Expert Testimony of James Malackowski filed on May 20, 2013. (Doc. No. 40.) The Court finds Plaintiff's Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15.

After considering the papers filed in support of and in opposition to the Motion, the Court DENIES Plaintiff's Motion.

## I. BACKGROUND

Plaintiff Stonefire Grill, Inc. brings this action against Defendant FGF Brands, Inc. alleging trademark infringement under federal and California law, false designation of origin and unfair competition, and violation of the Business and Professions Code. (See First Amended Complaint ("FAC") (Doc. No. 30.)) The claims arise from Defendant's alleged "unauthorized use of Plaintiff's Federal and California Stonefire word marks and stylized logos ("Marks")." (FAC, ¶ 6.)   In its FAC, Plaintiff requests an award of actual and compensatory damages, injunctive relief, an order directing Defendant to provide Plaintiff with an accounting detailing the source and amount of its income, an award of profits and attorney's fees and costs pursuant to 15 U.S.C. § 1117, and cancellation of Defendant's alleged infringing Mark. (FAC at 12.)

A.  **Relevant Allegations**

Plaintiff is a California corporation engaged in the business of operating a chain of fast-casual restaurants. (FAC, ¶¶ 4, 7.) Plaintiff has registered with the USPTO and the state of California Marks "Stonefire Grill" and "Stonefire Grill A Fresh Approach to Family Dining!" (FAC, ¶¶ 8-9.) Plaintiff offers restaurant dining, pickup, delivery, and catering. (FAC, ¶ 11.) Bread is a "prominent feature on the menu at Plaintiff['s] restaurants." (FAC, ¶ 13.)

Defendant is a Canadian Corporation that produces and sells bakery products under their brand, Stonefire, and custom label. (Exh. 13 to Declaration of Allison Buchner, S. Sambamoorthy Dep. 9:5-25.) Plaintiff alleges that Defendant is selling bread under the mark "Stonefire," that is identical to Plaintiff's Marks, in close proximity to Plaintiff's products. (FAC, ¶¶ 19-21.) Therefore, Plaintiff alleges that Defendant's "Stonefire" mark infringes on Plaintiff's Marks. (FAC, ¶ 19.)

B.  **Case History**

Plaintiff filed its Complaint on October 6, 2011. (Doc. No. 1.) On October 29, 2012, the Court issued a Scheduling Order requiring the parties to exchange expert reports by March 15, 2013 and expert rebuttal reports by April 26, 2013. (Scheduling Order (Doc. No. 21.))

Subsequently, Plaintiff filed their First Amended Complaint ("FAC") on January 9, 2013 alleging the same claims as those alleged in the initial Complaint and adding a claim for the cancellation of Defendant's registered mark "Stonefire" (U.S. Reg. No. 4,020,583.) (Doc. No. 30.) On January 22, 2013, Defendant filed an Answer to Plaintiff's FAC and Counterclaims. (Doc. No. 32.) Plaintiff filed an Answer to Defendant's Counterclaim on January 30, 2013. (Doc. No. 34.)

On March 15, 2013, Plaintiff served Defendant with the Expert Witness Report of David Hanson. (Declaration of Michael Marchand ("Marchand Decl."), ¶ 11.) On April 18, 2013, Plaintiff served Defendant with a notice of de-designation of David Hanson as an expert witness. (Id., ¶ 13; Exh. 5 to Marchand Decl.) On April 26, 2013, Defendant served Plaintiff with its Expert Designation and Expert Report of James Malackowski. (Marchand Decl., ¶ 14.)

On May 20, 2013, Plaintiff filed the instant Motion to Exclude Expert Testimony of James Malackowski ("Motion").[1] (Doc. No. 40.) Defendant filed its Opposition on May 29, 2013.[2] (Doc. No. 48.) Plaintiff filed a Reply on June 5, 2013. (Doc. No. 52.)

---

[1] In support of its Motion, Plaintiff filed the Declaration of Michael Marchand. (Doc. No. 41.) Plaintiff also filed under seal the Expert Report of James E. Malackowski. (See Doc. Nos. 44-46.)

[2] In Support of its Opposition, Defendant submitted an Application to File Under Seal the Declaration of Allison W. Buchner and attached Exhibits 1 through 16. (Doc. No. 51.) The Court denied the Application on June 11, 2013. (Doc. No. 59.) Subsequently, Defendant filed (continued . . .)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 mandates that a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(A). The disclosure of expert witnesses "must be accompanied by a written report if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). Parties must disclose their respective expert witnesses "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

A party who fails properly to disclose its experts and their reports may be barred from using any expert testimony not so disclosed "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001). In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. Fed. R. Civ. P. 37(c)(1). The court has inherent power "to exclude or admit expert testimony." Campbell Indus. v. M/V Gemini, 619 F.2d 24, 27 (9th Cir. 1980).

## III. DISCUSSION

### A.  Characterization of Witness

The Court's October 29, 2012 Scheduling Order required the parties to exchange expert reports by March 15, 2013 and rebuttal reports by April 26, 2013 (Doc. No. 21.) There is no question here that Defendant disclosed James Malackowski as its expert witness and produced his expert report on April 26, 2013. (Marchand Decl., ¶ 14; Expert Report of James E. Malackowski.) Therefore, the report was filed after the March 15, 2013 deadline to exchange expert reports but by the April 26, 2013 deadline to file rebuttal reports. In order to determine whether Defendant timely filed the expert report of James Malackowski (hereinafter "Malackowski Report") in accordance with the Scheduling Order, the Court must first determine whether Mr. Malackowski can be properly characterized as a rebuttal expert witness.

Plaintiff argues that since Mr. Malackowski's report and opinions are specifically offered to contradict or rebut those of Mr. Hanson, he must be characterized as a rebuttal expert. (Mot. at 4.) Defendant responds that "[n]othing in Rule 26 or elsewhere states that a rebuttal expert witness may rebut evidence on a subject matter identified by another party in its initial expert disclosures only if that evidence is actually entered into evidence by the initially disclosed expert." (Opp. at 7.)

---

( . . . continued)
an Application to File Under Seal Exhibits 10 and 13 Attached to the Declaration of Allison W. Buchner. (Doc. No. 66.) The Court granted that Application on June 14, 2013. (Doc. No. 73.)

Rule 26 states that absent a court order, a party must disclose any "evidence . . . intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C) [initial expert disclosure], within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). The 1993 Amendments to Rule 26 clarify that a rebuttal expert is that "used solely to contradict or rebut the testimony that may be presented by another party's expert." Fed. R. Civ. P. 26 advisory committee's note. While the language of Rule 26 does not expressly preclude a rebuttal expert's testimony where the other party does not introduce its evidence using its own expert, the 1993 Amendments specifies the role of a rebuttal expert as that who contradicts the testimony of another party's expert.

Following this reasoning, since Plaintiff de-designated its expert witness, David Hanson, on April 18, 2013, Mr. Malackowski is not a rebuttal expert witness. See Lindner v. Meadow Gold Dairies, Inc., 249 F.R.D. 625, 643 (D. Hawaii 2008) (holding that the rebuttal experts in that case "cannot testify unless and until the opposing parties' experts testify on the specific areas set forth in Plaintiff's rebuttal reports"); Smith v. Wal-Mart Stores, Inc., 2012 WL 4051925, at *1 (D. Nev. Sept. 13, 2012) ("An expert is not a rebuttal expert if the testimony proffered does not address or rebut previously disclosed expert testimony"). Accordingly, the Court finds that Defendant cannot designate Mr. Malackowski as a rebuttal expert witness.

The Court understands that the language of Rule 26 can be interpreted to permit an expert witness to rebut evidence of the other party even if it is not offered into evidence by the other party's expert. For example, the 1993 Amendments to Rule 26 state that the testimony of a rebuttal witness is to "be used solely to contradict or rebut the testimony that *may* be presented by another party's expert." Fed. R. Civ. P. 26 advisory committee's note (emphasis added). The use of the word "may" implies that while the expert witness can offer the evidence during trial, the evidence can also be admitted into evidence using other means. However, as a practical matter, the purpose of rebuttal expert witnesses is to rebut or contradict opposing experts who are identified pursuant to Rule 26(a). See Fed. R. Civ. P. 26(a)(2)(A) (In general Rule 26(a)(2) governs the disclosure of witnesses who will present evidence under Federal Rule of Evidence 702, 703, or 705. Federal Rules of Evidence 702, 703 and 705 govern the testimony of expert witnesses during trial). Accordingly, since Plaintiff de-designated its expert prior to trial, Defendant cannot designate Mr. Malackowski as a rebuttal expert witness.

**B.     Failure to Timely Identify Witness**

Since Mr. Malackowski cannot be designated as a rebuttal expert, the issue is whether Defendant can now designate him as an initial expert. As stated above, the parties do not dispute that Defendant designated its expert and introduced the expert report after the March 15, 2013 deadline. (See Expert Report of James E. Malackowski; Doc. No. 21.) Therefore, Defendant's designation of Mr. Malackowski as an expert witness is untimely.

Pursuant to Rule 37, a party may use the testimony of an expert witness untimely disclosed if the failure to disclose was "substantially justified or is harmless."[3]  Fed. R. Civ. P. 37(c)(1).  "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."  Estate of Gonzalez v. Hickman, 2007 WL 3237635, at *3 (C. D. Cal. June 28, 2007) (quoting Mid-America Table Wares, Inc. v. Mogi Trading Co., Ltd., 100 F.3d 1353, 1361 (7th Cir. 1996)); see also Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir. 1985) ("The district court is given broad discretion in supervising the pretrial phase of litigation . . .").

### 1.    Delay Substantially Justified

Defendant argues its delay in disclosing Mr. Malackowski is substantially justified since Plaintiff disclosed for the first time its damages theory in its Rule 26(a)(2)(A) disclosures.  (Opp. at 13-14.)  Plaintiff responds that it repeatedly gave notice to Defendant of its intent to seek disgorgement of profits before the Rule 26(a)(2)(A) disclosures.  (Reply at 4-5.)

The Court is not convinced that Defendant was on notice of Plaintiff's damages theory from the date of commencement of this action, as Plaintiff claims.  First, Plaintiff's initial Complaint recited multiple types of damages including actual and compensatory damages, an accounting of profits, an award of three times Defendant's profits or actual damages to Plaintiff, prejudgment interest, and attorney's fees and costs.[4]  (Compl. at 11-12.)  Likewise, in its initial disclosure dated October 26, 2012, Plaintiff stated that its request for damages includes disgorgement of profits, treble damages and attorneys' fees, statutory damages, and punitive damages.  (Exh. 2 to Marchand Decl. at 3-4.)

It appears that Plaintiff first offered a more specific indication of the damages it intends to seek on March 15, 2013 when it disclosed its damages expert, David S. Hanson.  (See Exh. 9 to Buchner Decl.)  Plaintiff's Expert Witness Disclosure indicated that it is Mr. Hanson's opinion that Plaintiff is entitled to disgorgement damages and reasonable royalty.  (Exh. 9 to Buchner Decl.)  However, on April 17, 2013, Plaintiff's counsel represented in an e-mail communication to Defendant's counsel that Plaintiff is not seeking lost royalty as a measure of damages.  (Exh. 11 to Buchner Decl.)  Therefore, Plaintiff offered conflicting statements as to the theory of damages it intended to pursue.

"[T]he recovery of both plaintiff's lost profits and disgorgement of defendant's profits is generally considered a double recovery under the Lanham Act."  Nintendo of America, Inc. v. Dragon Pacific Intern., 40 F.3d 1007, 1010 (9th Cir. 1994) (citing 17 U.S.C. § 1117); see also

---

[3] The use of the disjunctive word "or" in Rule 37(c)(1) indicates that a court may allow the testimony of an expert witness untimely disclosed if it is either substantially justified or is harmless.  However, the Court will discuss both elements in determining whether to allow the untimely designation of Mr. Malackowski as an expert witness.

[4] Plaintiff's First Amended Complaint recited the same types of damages as those sought in the initial Complaint.  (First Amended Complaint ("FAC") at 12-13.)

Lindy Pen Co., Inc. v. Bic Pen Corp., 982 F.2d 1400, 1405 (9th Cir. 1993) (holding that "an accounting of profits is not automatic and must be granted in light of equitable considerations"); Friend v. H. A. Friend & Co., 416 F.2d 526, 534-35 (9th Cir. 1969) (finding that the district court did not err in denying an account of appellants profits to appellee where appellee was already awarded compensatory damages and attorneys' fees).

While Plaintiff's pleadings list multiple theories of recovery available under the Lanham Act, Plaintiff could not be entitled to an award of all these damages. For example, while Plaintiff requests that the Court award both actual and compensatory damages and disgorgement of Defendant's profits in its Complaint and FAC, under Nintendo, Plaintiff cannot seek both an award of its lost profits and disgorgement of Defendant's profits. See Nintendo, 40 F.3d at 1010. In addition, while Plaintiff requested treble damages under 15 U.S.C. § 1117(b) (Compl. at 11-12; FAC at 12-13), such damages are only available in actions for use of counterfeit mark. 15 U.S.C. § 1117(b). For these reasons, the Court finds that Plaintiff's pleadings did not put Defendant on notice of the theory of damages Plaintiff intended to pursue. Since Defendant is not required to respond to all possible theories of damages, it is substantially justified in designating its expert witness after Plaintiff specified the theory of damages it intended to pursue. See Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc., 2005 WL 1459572, at *2 (N.D. Cal. June 21, 2005) (finding that requiring the simultaneous disclosure of expert witnesses from both parties would prejudice the defendants because the defendants "would have to respond to all of Plaintiffs' possible theories of liability rather than focus on theories relied upon by Plaintiffs' experts").

Moreover, Plaintiff bears the burden of proof as to the issue of damages. See Lindy Pen Co., v. Bic Pen Corp., 982 F.2d 1400, 1407 (9th Cir. 1993) (finding that "[a] plaintiff must prove both the fact and the amount of damage" in a trademark infringement action). As such, Plaintiff should disclose its expert testimony on the issue of damages before Defendant is required to disclose its experts as to that issue. See Cisco Systems, Inc., 2005 WL 1459572, at *2 ("Since Plaintiffs have the burden of proof, Plaintiffs have the burden of presenting the evidence first"); Fed. R. Civ. P. 26 advisory committee's note ("[I]n most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue"). Therefore, as Plaintiff bears the burden of proof, it is required to disclose its expert testimony on that issue before Defendant discloses its rebuttal witnesses. Accordingly, the Court finds Defendant's delay in designating Mr. Malackowski as an expert witness is substantially justified as Plaintiff specified the theory of damages it intended to pursue on March 15, 2013 in its Rule 26(a)(2) disclosure.

### 2. Harmlessness

The Court may consider the following factors to determine "whether a violation of a discovery deadline is justified or harmless: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys Ltd. v. Novelty, Inc., 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)).

### a. Prejudice to Plaintiff and Ability to Cure

Plaintiff argues that it will be prejudiced if the Court allows Defendant to introduce Mr. Malackowski's expert testimony since Plaintiff did not designate an expert witness on the issue of damages to rebut Defendant's evidence. (Mot. at 7.) Defendant responds that since Plaintiff already retained an expert, Mr. Hanson, who produced an expert report on the issue of disgorgement of profits, Plaintiff can re-designate Mr. Hanson who is already familiar with the facts of this case. (Opp. at 14.)

The Court agrees that allowing Mr. Malackowski's expert testimony will not result in prejudice to Plaintiff. Since Plaintiff previously retained and designated Mr. Hanson as an expert witness to assess its damages, Plaintiff is familiar with the evidence supporting its request for disgorgement of profits and can retain an a rebuttal expert to testify as to that issue. (Marchand Decl., ¶ 11.) The parties have stipulated to continue the trial date to October 22, 2013, giving Plaintiff ample opportunity to designate a rebuttal witness and depose Mr. Malackowski. (See Joint Stipulation to Continue Trial Date (Doc. No. 68.)) Accordingly, the Court finds that Plaintiff will suffer no prejudice if Defendant designates Mr. Malackowski as an expert witness. See Galentine v. Holland America Line-Westours, Inc., 333 F. Supp. 2d 991, 994 (W.D. Wash. 2004) ("The potential prejudice that Defendant claims it will suffer is not so severe as to warrant exclusion, especially given the possibility of ameliorating that prejudice through various means.")

### b. Likelihood of Disruption of Trial

Second, Plaintiff alleges that allowing Mr. Malackowski's testimony will result in a delay of trial to give Plaintiff the opportunity to designate its rebuttal witness. (Mot. at 7.) Defendant responds that since the trial date is three months away, Plaintiff has ample opportunity to depose Mr. Malackowski and designate a rebuttal witness, if it chooses to do so. (Opp. at 15.)

Trial in this action is scheduled for August 27, 2013. (Scheduling Order (Doc. No. 21)). However, the parties have filed a Joint Stipulation to continue the trial date to October 22, 2013. (Doc. No. 68.) In light of the parties' stipulation, the Court finds it unnecessary to further continue the trial date as Plaintiff has sufficient time to designate a rebuttal witness on the issue of damages and depose Defendant's expert. See U.S. ex rel. O'Connell v. Chapman Univ., 245 F.R.D. 652, 655-56 (C.D. Cal. 2007) (denying the defendant's motion to exclude expert testimony and modifying the schedule to allow the defendant time to disclose its rebuttal expert witnesses' report and depose opposing party's witness, where two months remained before trial). Accordingly, the Court finds that allowing Defendant to designate Mr. Malackowski as an expert witness does not disrupt trial in this action.

### c. Bad Faith and Willfulness

There is no evidence that Defendant's untimely disclose is made in bad faith or done to gain an unfair advantage. As discussed above, Defendant's untimely designation of Mr. Malackowski is substantially justified as Plaintiff did not specify its theory of damages until it disclosed Mr. Hanson's expert report. Since Plaintiff bears the burden of proof on the issue of

damages, Plaintiff is required to disclose its expert witness on that issue before Defendant designates its rebuttal witnesses. Accordingly, there is no evidence of bad faith in Defendant's decision to designate Mr. Malackowski as an expert witness after the March 15, 2013 deadline.

**C.     Conclusion**

While Defendant cannot designate Mr. Malackowski as a rebuttal witness, Defendant can use that expert's testimony since the delay in disclosing him as an initial expert witness is substantially justified and harmless. Since Plaintiff did not specify the theory of damages it intended to pursue until its Rule 26(a)(2) disclosures, Defendant could not designate an expert witness on the issue of damages by the March 15, 2013 initial expert disclosure deadline. Additionally, Plaintiff will not be prejudiced by Mr. Malackowski's designation as an expert witness since the parties stipulated to continuing the trial date, giving Plaintiff ample opportunity to designate a rebuttal witness and depose Mr. Malackowski.

## IV. CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's Motion. Should Plaintiff choose to designate a rebuttal witness, Plaintiff may do so no later than August 5, 2013. The last day to conduct expert discovery is September 2, 2013.