Diana M. Torres (S.B.N. 162284)
diana.torres@kirkland.com
Allison W. Buchner (S.B.N. 253102)
allison.buchner@kirkland.com
Melissa Y. Lerner (S.B.N. 285216)
melissa.lerner@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California  90071
Telephone:  (213) 680-8400
Facsimile:   (213) 680-8500

Dale Cendali, *pro hac vice*
dale.cendali@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:  (212) 446-4800
Facsimile:   (212) 446-4900

Attorneys for Defendant
FGF BRANDS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| STONEFIRE GRILL, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FGF BRANDS, INC., a Canadian corporation, doing business as STONEFIRE AUTHENTIC FLATBREADS,<br><br>Defendant. | CASE NO. CV 11-8292-JGB (PJWx)<br><br>**DEFENDANT FGF BRANDS, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Date: September 30, 2013<br>Time: 11:00 a.m.<br>Courtroom: Riverside - 1<br>Trial: October 22, 2013<br><br>Hon. Jesus G. Bernal |

Defendant and Counterclaim Plaintiff FGF Brands, Inc. ("FGF Brands") hereby submits the following Memorandum of Contentions of Fact and Law pursuant to the Court's June 19 Order Granting the Parties' Joint Stipulation to Reschedule the Pretrial Conference and Trial Date (Dkt. No. 82) and Local Rule 16.[1]

## I. SUMMARY STATEMENT OF CLAIMS FGF BRANDS HAS PLEADED AND PLANS TO PURSUE

In conformance with Local Rule 16-4.1(d), a summary statement of the counterclaim that FGF Brands has pleaded and plans to pursue follows. FGF Brands plans to pursue the following counterclaim as pleaded in its Answer to Plaintiff's First Amended Complaint for Damages and Other Relief (Dkt. No. 32):

### A. Cancellation of SGI's Federal Marks

To obtain a federal trademark registration, a party must use its mark in *interstate* commerce. *See* Trademark Manual of Examining Procedure § 901, 901.1. While a party may file an application based on an "intent to use," *id.* at § 901, the applicant must actually use the mark in interstate commerce on or in connection with the goods and services as specified in the application and file an allegation of use before a registration will issue. *Id.* The term "use in commerce" means "the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark" and a mark is deemed to be used in commerce "on services when it is used or displayed in the sale or advertising of services and the services are rendered in commerce, or the services are rendered in more than one State or in the United States and a foreign country and the person rendering the services is engaged in commerce in connection with the services." 15 U.S.C. § 1127 (2006).

Because Stonefire Grill, Inc. ("SGI" or "Plaintiff") was not using its "Stonefire Grill" marks in *interstate* commerce at any time prior to the issuance of Registration

---

[1] The only remaining claim in this action is FGF Brands' counterclaim for cancellation of Plaintiff's federally registered trademarks. The parties have stipulated to stay that counterclaim pending Plaintiff's appeal of the Court's ruling on summary judgment. Because the Court has not yet ruled on that stipulation, FGF Brands is filing this exhibit list as required by the Court's prior scheduling order. FGF Brands expressly reserves the right to supplement its factual and legal contentions.

1

Nos. 2,880,327; 3,716,351; and 3,716,355 the registration are void *ab initio* as a matter of law and should be cancelled. *See Aycock Eng'g., Inc. v. Airflite, Inc.*, 560 F.3d 1350, 1357-60 (Fed. Cir. 2009) (registration of mark that does not meet interstate commerce use requirement is void *ab initio*); *Premier Pool Mgmt. Corp. v. Lusk*, No. S–11–2896 GEB CKD, 2012 WL 1593206, at *6 (E.D. Cal. May 4, 2012) (finding federal registration was subject to cancellation where mark was used only in *intrastate* commerce at the time of registration).

## II. ELEMENTS REQUIRED TO ESTABLISH FGF BRANDS' CLAIM

In conformance with Local Rule 16.4-1(e), the elements required to establish FGF Brands' Counterclaim are as follows:

### A. Cancellation of SGI's Federal Marks

To prove its counterclaim of declaratory relief cancelling SGI's federal marks as void ab initio for lack of use in interstate commerce, FGF Brands must prove by a preponderance of the evidence that:

1. SGI did not make use of its federal mark with Registration No. 2,880,327 in interstate commerce before August 31, 2004.
2. SGI did not make use of its federal mark with Registration No. 3,716,251 in interstate commerce before November 24, 2009.
3. SGI did not make use of its federal mark with Registration No. 3,716,355 in interstate commerce before November 24, 2009.

*Aycock Eng'g.,* 560 F.3d at1357-61; *Premier Pool*, No. S–11–2896 GEB CKD, 2012 WL 1593206, at *6.

## III. BRIEF DESCRIPTION OF KEY EVIDENCE SUPPORTING FGF BRANDS' COUNTERCLAIM

In conformance with Local Rule 16-4.1(f), FGF Brands provides a brief description of the key evidence in support of its counterclaim.

### A. Cancellation of SGI's Federal Marks

The key evidence in support of FGF Brands' counterclaim for cancellation of

SGI's federal marks includes:

1. Documents from the Patent & Trademark Office concerning SGI's federal trademarks (Reg. No. 2,880,327; Reg. No. 3,716,351; Reg. No. 3,716,355), including registrations and Statements of Use.
2. Testimony of Justin Lopez (as percipient witness and corporate representative).
3. Documents and information relating to the corporate structure and history of Plaintiff and its predecessor corporation (Wildfire Grill, Inc.).
4. Testimony of Mary Harrigan (as percipient witness).
5. Testimony of Kaduri Shemtov (as percipient witness).
6. SGI's advertising (all local in nature) that predates November 2009.

## IV. SUMMARY STATEMENT OF SGI'S AFFIRMATIVE DEFENSES

As required by Local Rule 16-4.1(d), below is a summary statement of the affirmative defenses SGI has pleaded.

Plaintiff and Counterclaim Defendant pled the following affirmative defenses:

1. Unclean Hands;
2. Estoppel;
3. No Standing;
4. Valid Trademarks;
5. Laches;
6. Statute of Limitations; and
7. Fraud

## V. ELEMENTS REQUIRED TO ESTABLISH SGI'S AFFIRMATIVE DEFENSES

As required by Local Rule 16.4-1(e), below are the elements required to establish SGI's affirmative defenses applicable to FGF Brands' pending counterclaim.

### A. Unclean Hands

To prevail on its defense of unclean hands, SGI must prove by a preponderance

3

of the evidence that:

1. FGF Brands engaged in unconscionable and prejudicial conduct that was directly and intimately connected with its claim;
2. The misconduct which brings the clean hands doctrine into operation must relate directly to the transaction concerning which the complaint is made, i.e., it must pertain to the very subject matter involved and affect the equitable relations between the litigants.

*Fibreboard Paper Prods. Corp. v. East Bay Union of Machinists*, 227 Cal. App. 2d 675, 727–28 (Cal. Ct. App. 1964). The equitable defense of unclean hands should be determined by the Court, not the jury. See *Cal-Agrex, Inc. v. Tassell*, No. 09–15998, 2011 WL 52478, at *61 (9th Cir. Jan. 7, 2011) ("The application or rejection of the clean hands doctrine in a given case is equitable in nature and within the discretion of the trial court.") (citing *Wash. Capitols Basketball Club, Inc. v. Barry*, 419 F.2d 472, 478 (9th Cir. 1969)).

"[T]he doctrine of unclean hands is invoked when one seeking relief in equity has violated conscience, good faith or other equitable principles in his prior conduct." *Fibreboard Paper Prods.*, 227 Cal. App. 2d at 727.

SGI has articulated no basis for this affirmative defense, and FGF Brands knows of none.

**B.  Estoppel**

To prevail on its defense of estoppel, SGI must prove by a preponderance of the evidence that:

1. FGF Brands is apprised of the facts;
2. FGF Brands intended that its conduct be acted upon, or acted so that SGI had a right to believe it was so intended;
3. SGI is ignorant of the true state of facts; and
4. SGI relied on FGF Brands' conduct to its injury.

*Driscoll v. City of Los Angeles*, 67 Cal. 2d 297, 305 (1967) (in bank). The existence

of estoppel is generally a question of fact for the trial court. *Id.* (citing *Albers v. County of Los Angeles*, 62 Cal. 2d 250, 266 (1965)).

SGI has articulated no basis for this affirmative defense, and FGF Brands knows of none.

### C. No Standing

To prevail on its defense of estoppel, SGI must prove by a preponderance of the evidence that:

    1. FGF Brands is not a real party in interest because it does not possess the right sued upon by reason of the substantive law.

*Killian v. Millard*, 279 Cal. Rptr. 877, 879 (Cal. Ct. App. 1991).

SGI has articulated no basis for this affirmative defense, and FGF Brands knows of none.

### D. Valid Trademarks

To prevail on its defense of valid trademarks, SGI must prove by a preponderance of the evidence that:

    1. SGI made use of its federal marks in interstate commerce before their respective registration dates.

The validity of SGI's federal marks is the very crux of the factual dispute between the parties.

### E. Laches

To prevail on its defense of laches, SGI must prove by a preponderance of the evidence that:

    1. FGF Brands delayed filing suit for an unreasonable and inexcusable length of time from the time FGF Brands knew or reasonably should have known of its claim against SGI; and

    2. The delay operated to the prejudice or injury of SGI.

*Katz v. Time Warner Cable Inc.*, 712 F. Supp. 2d 1080, 1109, 1112 (C.D. Cal. 2010) (granting summary judgment of no laches for failure to prove evidentiary and

economic prejudice), *vacated in part on other grounds*, 639 F.3d 1303 (Fed. Cir. 2011). The application of the defense of laches is committed to the sound discretion of the district court. *In re Beaty*, 306 F.3d 914, 921 (9th Cir. 2002).

SGI has articulated no basis for this affirmative defense, and FGF Brands knows of none.

### F. Statute of Limitations

SGI contends that FGF Brands' counterclaim was not filed within the time set by law. To succeed on this defense, SGI must prove that there is a statute of limitations applicable to a counterclaim for cancellation of trademarks for lack of use in interstate commerce. SGI has not provided any evidence that such a statute of limitations exists, and FGF Brands knows of none.

## VI. FGF BRANDS' LIST OF, AND POSITION ON, ANTICIPATED EVIDENTIARY ISSUES

In accordance with the Court's Scheduling Order, FGF Brands' Motions *in Limine* were filed on August 30, 2013. Those motions include:

1. Defendant FGF Brands, Inc.'s Motion *in Limine* No. 1 to Preclude the Introduction of SGI's Sales Data After November 2009
2. Defendant FGF Brands, Inc.'s Motion *in Limine* No. 2 to Preclude the Introduction of Documents Regarding Los Angeles Tourism

Plaintiff and Counterclaim Defendant SGI has not filed any motions *in limine*.

## VII. FGF BRANDS' LIST OF, AND POSITION ON, ISSUES OF LAW GERMANE TO THE CASE

<u>Without affirmative proof of use in interstate commerce, SGI's federal marks are void *ab initio*</u>: To obtain a federal trademark registration, a party must use its mark in *interstate* commerce. *See* Trademark Manual of Examining Procedure §§ 901, 901.1. And it is black letter law that a registration that does not meet the "use" requirement *at the time of registration* is void and subject to cancellation. *Aycock Eng'g., Inc. v. Airflite, Inc.*, 560 F.3d 1350, 1357 (Fed. Cir. 2009); *Premier Pool Mgmt. Corp. v. Lusk*, No. S–11–2896 GEB CKD, 2012 WL 1593206, at *6 (E.D. Cal.

May 4, 2012) (finding federal registration was subject to cancellation where mark was used only in *intrastate* commerce at the time of registration).  SGI is a chain of seven restaurants, located solely in Southern California, and at the time of its first federal trademark registration, Plaintiff had only two restaurant locations.  SGI's federal registrations issued in 2004 and 2009.  Yet SGI admitted, through its Federal Rule of Civil Procedure 30(b)(6) corporate designee, that (1) it has no records of any customers from outside of California visiting its restaurants in 2002, 2003, 2004 or at any time prior to 2009; (2) it has never provided any catering services outside of California; (3) it has no records of anyone visiting its website from outside of California from any time prior to 2010; and (4) it has no knowledge of any advertising reaching an audience outside of California prior to 2009.  (*See* 4/25/13 Lopez 30(b)(6) Dep. Tr. at 17:2-18:21, 19:5-15; 3/5/13 Lopez Dep. Tr. at 11:15-17, 25:25-26:24 ).

In connection with its opposition to FGF Brands' summary judgment motion, SGI's *only* evidence of purported "use in interstate commerce" were its general sales figures and Los Angeles tourism statistics.  It is irrelevant how much money SGI has made at its Southern California restaurants or how many tourists have visited the Los Angeles area because neither SGI's general sales figures nor general tourism statistics are evidence that SGI actually used its mark in interstate commerce prior to the dates of its federal registrations.

**VIII. REQUEST FOR BIFURCATION OF ISSUES**

There is only one issue to be tried, and, accordingly, neither party has moved for bifurcation of any issue for trial.

**IX.     ISSUES TO BE TRIED TO THE JURY AND COURT**

There are no remaining issues triable to a jury as a matter of right pending in this litigation.  The only issue, FGF Brands' counterclaim for cancellation of SGI's federal marks for lack of use in interstate commerce, seeks an equitable remedy and is thus triable to the court.

## X. ABANDONED CLAIMS AND AFFIRMATIVE DEFENSES

FGF Brands, Inc. has no reason to pursue its affirmative defenses to the claims in SGI's First Amended Complaint (Dkt. No. 31-1) in light of the Court's August 6 Order Granting FGF Brands' Motion for Summary Judgment as to all of Plaintiff's claims (Dkt. Nos. 185, 186) and finding that there is no likelihood of confusion between Plaintiff's "Stonefire Grill" marks and FGF Brands' use of its federally registered "Stonefire" mark. The Court's Order Granting Summary Judgment disposed of the entirety of SGI's claims laid out in its First Amended Complaint. FGF Brands takes the position that a number of SGI's affirmative defenses are inapplicable to FGF Brands' pending counterclaim.

DATED: September 9, 2013　　　　　　　　KIRKLAND & ELLIS LLP

By: \_\_/s/ Allison W. Buchner\_\_
Diana M. Torres
Allison W. Buchner

Attorneys for Defendant
FGF BRANDS, INC.